928

## *In re* RAMÓN TORRES RODRÍGUEZ, querellado.

Número 99.

*Sometido:* 25 de febrero de 1960.   *Resuelto:* 30 de junio de 1960.

*Ramón Torres Rodríguez, pro se* y *Benjamín Ortiz,* abogados del querellado; *J. B. Fernández Badillo, Procurador General,* y *Arturo Estrella, Subprocurador General,* abogados de El Pueblo.

RESOLUCIÓN

POR CUANTO: El Procurador General de Puerto Rico formuló una querella contra el abogado Ramón Torres Rodríguez imputándole lo siguiente:

"1. Que el querellado Ramón Torres Rodríguez es abogado y fue admitido como tal por este Hon. Tribunal el día 23 de septiembre de 1954, figurando su nombre desde entonces y hasta el presente en el registro de abogados.

"2. Que en el mes de septiembre de 1958 el querellado ocupaba el cargo de Fiscal del Tribunal Superior de Puerto Rico y prestaba servicios en la Sala de Aguadilla.

"3. Que la querella que aquí se formula contra el abogado Ramón Torres Rodríguez se fundamenta en el siguiente cargo:

"A. Durante la vista en el Tribunal Superior, Sala de Aguadilla, de los casos G-58–79 y G-80, *El Pueblo de Puerto Rico* v. *Miguel Maysonet López,* a quien se imputaba que en o para el 10 de mayo de 1958 dejó chocar el automóvil que con-

ducía contra la bicicleta en que viajaba Emilio Valle Santiago, produciéndole heridas que le ocasionaron la muerte, ocurrió el siguiente incidente:

"Abogado señor Veray.—Para ganar tiempo, como todavía el Fiscal está en su turno de prueba, le pregunté si él tenía disponible la bicicleta objeto de este accidente; él me dice que no; que la bicicleta estaba en el Cuartel de Isabela, y yo pido a Vuestro Honor que se ordene el traslado de esa bicicleta a esta Corte ya que nosotros la vamos a ofrecer en evidencia.

"Fiscal señor Torres Rodríguez.—Queremos aclarar esa situación para beneficio del Jurado y del Tribunal. Esa bicicleta se trasladó del Cuartel de la Policía de Isabela a la oficina mía y como es un objeto bastante grande y tenemos un almacén donde guardamos esos objetos se puso allí; entonces en el día de ayer, como estaba este caso señalado para el día de hoy, yo traté de localizar esa bicicleta porque entendemos que es material para este caso, y se nos informó por el conserje señor Vidal que el anterior Juez de este Tribunal Sr. Willis Ramos, sin consultarnos a nosotros y sin preguntarnos si estaba o no pendiente de vista el caso relacionado con esa bicicleta se la regaló a un señor llamado Monserrate Valentín López, quien estuvo en nuestra oficina con relación a esta bicicleta y yo le dije que la trajera; él me dijo que la bicicleta había sido reparada, y aun así yo insistí en que la trajera, por entender que el jurado debe ver la bicicleta. Este Sr. Monserrate Valentín reside en el barrio Borinquen de Aguadilla, y al yo llamarlo a mi oficina él me informó que la bicicleta había sido reparada por él y que no está en las mismas condiciones en que estaba cuando el accidente.

"Abogado señor Veray.—Si no está en las mismas condiciones, no interesamos entonces que se traiga la bicicleta.

"Hon. Juez.—Si no está en las mismas condiciones entonces no arrojaría luz en este asunto ni sería de ninguna materialidad en el caso. Adelante entonces.

"B. Que con fecha 26 de septiembre de 1958 (al día siguiente de terminar la vista de los casos contra Miguel Maysonet López) el abogado y Fiscal de la Sala de Aguadilla del Tribunal Superior, Ramón Torres Rodríguez, remitió al Hon. José C. Aponte,

en su carácter de Fiscal Especial General y Jefe de la División de Investigaciones y Asuntos Criminales del Departamento de Justicia la carta que a continuación se copia.

"26 de septiembre de 1958
"Hon. José C. Aponte
"Fiscal Especial General
"División de Investigaciones
    y Asuntos Criminales
"Departamento de Justicia
"San Juan, Puerto Rico
"Estimado compañero:

"El juicio contra Miguel Maisonet López por Infracción al Artículo 328 del Código Penal e Infracción al Artículo 444 (a) del Código Penal, según ha sido enmendado, se celebró en este Tribunal durante los días 24 y 25 del presente mes y año. El caso fue visto ante un jurado y el acusado estuvo representado por el Lic. José Veray, Jr.

"De acuerdo con la prueba que fue ofrecida por El Pueblo en este caso, el acusado Miguel Maisonet López el día 10 de mayo de 1958 mientras conducía una guagua que había hurtado al señor Ramón González, chocó la misma contra una bicicleta en la cual viajaba Emilio Valle Santiago quien resultó muerto como resultado de dicho choque. La bicicleta en que viajaba el interfecto Emilio Valle Santiago fue conducida a esta oficina y se guardó en el cuarto de evidencia de este Tribunal.

"El Hon. Juez de este Tribunal, Willis Ramos Vázquez sin consultar al suscribiente ni cerciorarse con el Secretario de este Tribunal para ver si este caso había sido resuelto, regaló dicha bicicleta al señor Monserrate Valentín López, residente en el Barrio Borinquen de Aguadilla, quien reparó dicha bicicleta y nos fue imposible utilizarla el día del juicio por no estar en las mismas condiciones que estaba al ocurrir el accidente. Durante el juicio el Lic. José Veray, Jr. abogado del acusado pidió al Tribunal que ordenara a este Fiscal producir la mencionada bicicleta. Para evitar que el jurado pudiera interpretar la desaparición de ese objeto como la ocultación de prueba por parte del Ministerio Público, tuvimos que explicar detalladamente esta situación e insistir en que de haber sido posible la hubiéramos ofrecido como prueba de El Pueblo y la defensa no hubiera tenido que pedirla.

"Luego de un juicio que duró 2 días el acusado fue declarado absuelto por el jurado, por Infracción al Artículo 328 del Código Penal y convicto por el delito de Hurto de Uso.

"Cordialmente,

"RAMÓN TORRES RODRÍGUEZ

"Fiscal de Distrito

"C. Que es falso que el Hon. Juez Willis Ramos Vázquez hubiese regalado al Sr. Monserrate Valentín López la bicicleta que se guardaba como evidencia para los casos pendientes contra Miguel Maysonet López.

"D. Que la grave imputación hecha por el querellado al Hon. Juez Willis Ramos Vázquez, tanto en la vista de los casos contra Miguel Maysonet López como en la comunicación que el querellado dirigiera al Hon. José C. Aponte, fue hecha por el abogado querellado sin que le constase su certeza y sin que estuviese respaldada por evidencia competente, tendiendo la referida imputación a degradar o afectar la dignidad, honorabilidad, e integridad del Hon. Juez Willis Ramos Vázquez y a debilitar la confianza pública en dicho funcionario, siendo la conducta del querellado, al así actuar, impropia de un abogado."

POR CUANTO: Referido este caso al Lic. Rafael O. Fernández, para que en calidad de Comisionado Especial procediera a oir y recibir la prueba, certificarla debidamente y remitirla a este Tribunal con sus conclusiones de hecho, dicho Comisionado Especial, luego de los trámites usuales y la correspondiente vista, certificó toda la evidencia testifical y documental presentada y remitió su informe en el cual declara probados los siguientes hechos:

"1. El querellado Ramón Torres Rodríguez es abogado y fue admitido como tal por este Hon. Tribunal Supremo el día 23 de septiembre, 1954, figurando su nombre desde entonces y hasta el presente en el Registro de Abogados de Puerto Rico.

"2. En el mes de septiembre de 1958 el querellado ocupaba el cargo de Fiscal del Tribunal Superior de Puerto Rico y prestaba servicios en la Sala de Aguadilla de dicho Tribunal.

"3. En relación con los casos G-58-79 y G-58-80 de El Pueblo de Puerto Rico v. Miguel Maysonet López, por Hurto de Uso e Infracción al Artículo 328 del Código Penal, se recibió en el Tribunal Superior, Sala de Aguadilla, el día 15 de mayo

de 1958, una bicicleta marca *"Schwinn"* para ser usada como evidencia en dichos casos.

"4. Dicha bicicleta quedó depositada en un cuarto del edificio del Tribunal Superior que anteriormente sería de oficina para el Taquígrafo de Récord, pero que luego se utilizaba para guardar, entre otras cosas, objetos físicos que constituían piezas de evidencia.

"5. En o alrededor de mayo o junio de 1958 se consideró la habilitación de una oficina más adecuada para el Fiscal en el edificio del Tribunal Superior, Sala de Aguadilla, para lo cual se pensó utilizar el local mencionado en la precedente Conclusión Núm. 4, donde estaba depositada la referida bicicleta con otras piezas de evidencia, incluyendo partes de otras bicicletas.

"6. En relación con la limpieza del referido local, con miras a utilizarlo para la nueva oficina del Fiscal, se consideró destruir cualesquiera piezas de evidencia allí depositadas y que tuvieran relación con casos anteriores al 1948.

"7. Monserrate Valentín López, maestro carpintero empleado por el Departamento de Obras Públicas de Puerto Rico, fue el encargado del trabajo para las propuestas reformas a fin de habilitar la nueva oficina para el Fiscal.

"8. Dicho Monserrate Valentín López habló con Saturnino Blas Gómez, Alguacil Auxiliar del Tribunal Superior, Sala de Aguadilla, preguntándole si le podían regalar las bicicletas en caso de que las fueran a botar, y dicho Alguacil Auxiliar le dio permiso para llevárselas.

"9. Dicho Monserrate Valentín López se llevó las bicicletas, incluyendo la de marca *"Schwinn"* que estaba depositada para servir como evidencia en los casos criminales G-58-79 y G-58-80 antes mencionados, y las reconstruyó en una sola bicicleta destruyendo así el carácter original y auténtico de la bicicleta *"Schwinn"* antes indicada.

"10. El 23 de septiembre de 1958, día anterior a la fecha señalada para la vista de los casos antes indicados en el Tribunal Superior de Aguadilla, el querellado hizo gestiones para conseguir la bicicleta en cuestión, y fue informado por el conserje del Tribunal, Faustino Vidal Rosado, que el Hon. Willis Ramos Vázquez, quien actuaba como Juez Superior en Aguadilla en la época mencionada en la precedente conclusión número 5, le había regalado las bicicletas a Monserrate Valentín López. Dicha información le fue confirmada al querellado por Pedro

Benejam Camacho y Saturnino Blas Gómez, Alguaciles Auxiliares del referido Tribunal.

"11. En la mañana del día 24 de septiembre de 1958 el querellado habló con Monserrate Valentín López y éste le manifestó que el Hon. Willis Ramos Vázquez le había regalado las bicicletas.

"12. Nicolasa Santiago, madre de la persona por cuya muerte se acusaba a Miguel Maysonet López en el caso antes mencionado de infracción al Artículo 328 del Código Penal, había escrito al Secretario de Justicia de Puerto Rico con fecha mayo 12, 1958, y al Lic. José C. Aponte, Fiscal Especial General, con fecha mayo 24, 1958, solicitando investigaciones en relación con dicho asunto.

"13. Durante la vista en el Tribunal Superior, Sala de Aguadilla, de los casos G-58-79 y G-80, *El Pueblo de Puerto Rico* v. *Miguel Maysonet López,* a quien se imputaba que en o para el 10 de mayo de 1958 dejó chocar el automóvil que conducía contra la bicicleta en que viajaba Emilio Valle Santiago, produciéndole heridas que le ocasionaron la muerte, ocurrió el siguiente incidente:

"Abogado señor Veray: Para ganar tiempo, como todavía el Fiscal está en su turno de prueba, le pregunté si él tenía disponible la bicicleta objeto de este accidente; él me dice que no; que la bicicleta estaba en el Cuartel de Isabela, y yo pido a Vuestro Honor que se ordene el traslado de esa bicicleta a esta Corte ya que nosotros la vamos a ofrecer en evidencia.

"Fiscal señor Torres Rodríguez: Queremos aclarar esa situación para beneficio del Jurado y del Tribunal. Esa bicicleta se trasladó del Cuartel de la Policía de Isabela a la oficina mía, y como es un objeto bastante grande y tenemos un almacén donde guardamos esos objetos se puso allí; entonces en el día de ayer, como estaba este caso señalado para el día de hoy, yo traté de localizar esa bicicleta porque entendemos que es material para este caso, y se nos informó por el conserje señor Vidal que el anterior Juez de este Tribunal Sr. Willis Ramos, sin consultarnos a nosotros y sin preguntarnos si estaba o no pendiente de vista el caso relacionado con esa bicicleta, se la regaló a un señor llamado Monserrate Valentín López, quien estuvo en nuestra oficina con relación a esta bicicleta y yo le dije que la trajera; él me dijo que la bicicleta había sido reparada, y aun así yo insistí en que la trajera, por entender que el jurado debe ver la bicicleta. Este Sr. Monserrate Valentín

reside en el barrio Borinquen de Aguadilla, y al yo llamarlo a mi oficina él me informó que la bicicleta había sido reparada por él y que no está en las mismas condiciones en que estaba cuando el accidente.

"Abogado señor Veray: Si no está en las mismas condiciones, no interesamos entonces que se traiga la bicicleta.

"Hon. Juez.—Si no está en las mismas condiciones entonces no arrojaría luz en este asunto ni sería de ninguna materialidad en el caso. Adelante entonces.

"14. Con fecha 26 de septiembre de 1958 (al día siguiente de terminar la vista de los casos contra Miguel Maysonet López) el abogado y Fiscal de la Sala de Aguadilla del Tribunal Superior, Ramón Torres Rodríguez, remitió al Hon. José C. Aponte, en su carácter de Fiscal Especial General y Jefe de la División de Investigaciones y Asuntos Criminales del Departamento de Justicia, la carta que a continuación se copia:

" '26 de septiembre de 1958.

" 'Hon. José C. Aponte
" 'Fiscal Especial General
" 'División de Investigaciones
    y Asuntos Criminales
" 'Departamento de Justicia
" 'San Juan, Puerto Rico.

" 'Estimado compañero:

" 'El juicio contra Miguel Maisonet López por infracción al Artículo 328 del Código Penal e Infracción al Artículo 444 (a) del Código Penal, según ha sido enmendado, se celebró en este Tribunal durante los días 24 y 25 del presente mes y año. El caso fue visto ante un jurado y el acusado estuvo representado por el Lic. José Veray, Jr.

" 'De acuerdo con la prueba que fue ofrecida por El Pueblo en este caso, el acusado Miguel Maisonet López el día 10 de mayo de 1958 mientras conducía una guagua que había hurtado al señor Ramón González, chocó la misma contra una bicicleta en la cual viajaba Emilio Valle Santiago quien resultó muerto como resultado de dicho choque. La bicicleta en que viajaba el interfecto Emilio Valle Santiago fue conducida a esta oficina y se guardó en el cuarto de evidencia de este Tribunal.

" 'El Hon. Juez de este Tribunal, Willis Ramos Vázquez, sin consultar al suscribiente ni cerciorarse con el Secretario de este Tribunal para ver si este caso había sido resuelto, regaló dicha

bicicleta al señor Monserrate ·Valentín López, residente en el Bo. Borinquen de Aguadilla, quien reparó dicha bicicleta y nos fue imposible utilizarla el día del juicio por no estar en las mismas condiciones que estaba al ocurrir el accidente. Durante el juicio el Lic. José Veray, Jr. abogado del acusado pidió al Tribunal que ordenara a este Fiscal producir la mencionada bicicleta. Para evitar que el jurado pudiera interpretar la desaparición de ese objeto como la ocultación de prueba por parte del Ministerio Público, tuvimos que explicar detalladamente esta situación e insistir en que de haber sido posible la hubiéramos ofrecido como prueba de El Pueblo y la defensa no hubiera tenido que pedirla.

" 'Luego de un juicio que duró 2 días el acusado fue declarado absuelto por el jurado, por Infracción al Artículo 328 del Código Penal y convicto por el delito de Hurto de Uso.

" 'Cordialmente,

" 'RAMÓN TORRES RODRÍGUEZ

" 'Fiscal de Distrito.'

"15. El Hon. Willis Ramos Vázquez no le regaló las bicicletas antes mencionadas a Monserrate Valentín López ni a ninguna otra persona, ni dio su consentimiento para que la bicicleta marca *"Schwinn"* relacionada con los casos criminales arriba indicados fuera destruida o se dispusiera de ella en forma otra alguna.

"16. El querellado hizo las manifestaciones citadas en la precedente conclusión Núm. 13 y escribió la carta transcrita en la precedente conclusión núm. 14 bajo la creencia de buena fe que la información recibida por él del conserje Faustino Vidal Rosado, de los Alguaciles Auxiliares Pedro Benejam Camacho y Saturnino Blas Gómez, y de Monserrate Valentín López, era cierta.

"17. Al hacer las manifestaciones transcritas en la precedente conclusión núm. 13 y al escribir la carta mencionada en la precedente conclusión núm. 14, el querellado no tuvo intención deliberada de degradar o afectar la dignidad, honorabilidad o integridad del Juez Willis Ramos Vázquez ni de debilitar la confianza pública en dicho funcionario.

"18. Las actuaciones del querellado al hacer las manifestaciones citadas en la precedente Conclusión núm. 13 y escribir la carta transcrita en la Conclusión Núm. 14, en tal forma que podrían quizás considerarse perjudiciales al Hon. Willis Ramos

Vázquez, no se debieron a un propósito deliberado del querellado, sino más bien a su falta de experiencia y exceso de celo en el desempeño de su cargo."

POR CUANTO: El querellante ha informado que nada tiene que objetar a las conclusiones del Comisionado Especial y el querellado ha sometido las siguientes objeciones a las mismas:

"Que el querellado, Ramón Torres Rodríguez, sin impugnar las conclusiones de hecho en sí números 8, 15 y 18 que aparecen en el informe sometido por el Comisionado Especial a este Hon. Tribunal, solicita respetuosamente que se amplíen en la siguiente forma:

"(A) Que a la conclusión núm. 8 se adicione o agregue lo siguiente: El querellado Ramón Torres Rodríguez nunca tuvo conocimiento de que fuera el Alguacil Auxiliar, Saturnino Blas Gómez quien diera permiso al señor Monserrate Valentín López para llevarse las mencionadas bicicletas.

"(B) A la conclusión núm. 15 se adiciona lo siguiente: La única e invariable información y conocimiento que siempre tuvo ante su consideración el querellado Ramón Torres Rodríguez a través de las personas mencionadas en la conclusión núm. 16, fue en el sentido de que el Juez Willis Ramos Vázquez regaló la referida bicicleta al señor Monserrate Valentín López.

"(C) Que en la conclusión núm. 18 se elimine la frase *"sino más bien a su falta de experiencia"*, ya que de acuerdo con las conclusiones números 10, 11 y 16, el querellado Ramón Torres Rodríguez, tenía motivo fundado y razonable para hacer las manifestaciones que aparecen en la conclusión núm. 13 y para escribir la carta que se transcribe en la conclusión núm. 14, por lo que un funcionario público con suficiente experiencia y con la información que tuvo ante sí el querellado, hubiera hecho lo mismo que éste en este caso."

POR CUANTO: Examinada la prueba testifical y documental que tuvo ante sí el Comisionado Especial procede declarar sin lugar las referidas objeciones del querellado.

POR CUANTO: Consideradas todas las circunstancias del caso, este Tribunal estima que la conducta del querellado en el incidente a que se refiere la querella, no amerita medidas.

·disciplinarias, sobre todo en vista de las conclusiones de hecho núms. 16, 17 y 18 consignadas en el informe del Comisionado Especial.

POR TANTO: Este Tribunal resuelve que debe archivarse, ·como por la presente se archiva, la querella objeto de este procedimiento.

El Juez Asociado Sr. Belaval no intervino.

El Juez Asociado Sr. Santana Becerra hace constar al ·exonerar al querellado que en su opinión, de acuerdo con la prueba y en las circunstancias que surgen de la misma, no ·se justifica tampoco la conclusión del Comisionado Especial al efecto de que las actuaciones del querellado se debieron a ·falta de experiencia.