## En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| IN RE:<br><br><br>LIC. JOSE E. CRESPO ENRIQUEZ<br><br>Querellado | Conducta Profesional<br><br>**99TSPR35** |

Número del Caso: **AB-98-80**

Abogados de la Parte Peticionaria:

    Hon. Carlos Lugo Fiol

    Procurador General

    Lic. Cynthia Iglesias Quiñones

Procuradora General Auxiliar

Abogados de la Parte Recurrida: Por derecho propio

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 3/4/1999

Materia:

        Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución

electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In re:

Lic. José E. Crespo Enríquez AB-98-080

**PER CURIAM**

San Juan, Puerto Rico, a 4 de marzo de 1999.

I

A través de una demanda, el demandante John Estrada Ortega le reclamó a los demandados –entre ellos la señora María Luisa Sánchez Picón, cliente del licenciado José E. Crespo Enríquez– el pago de $8,149.42, los intereses, las costas y honorarios de abogado. No habiendo los demandados contestado la demanda, la parte demandante solicitó que se anotara la rebeldía y que se dictara sentencia a tenor con la Regla 45.1 de Procedimiento Civil.

El Tribunal de Primera Instancia dictó sentencia declarando con lugar la demanda. Posteriormente, a la luz de una solicitud a esos efectos, el tribunal sentenciador decretó con lugar una moción solicitando embargo y ejecución de sentencia sobre un inmueble sito en la Urbanización Villa Carolina.

Habiéndose completado el procedimiento de subasta, el Tribunal emitió una orden de desalojo para que entrara en posesión el comprador de la propiedad. Sin embargo, en lugar de desalojar la propiedad, la codemandada Sánchez Picón compareció representada por el licenciado Crespo Enríquez solicitando la suspensión de los procedimientos de ejecución de la sentencia, basándose para ello en la presentación de un pleito independiente –FAC 96-0569– que buscaba dejar sin efecto la sentencia dictada en rebeldía. Así también, el licenciado Crespo Enríquez presentó una petición de inhibición al Juez que presidía los procedimientos, Hon. Víctor M. Rivera González, por entender que éste estaba impedido de atender y resolver ambos casos. El Juez se inhibió. Pasó, pues, la consideración del

asunto al Hon. Rafael L. Vissepó Vázquez, Juez, quien luego de examinar las mociones señaló vista para el día 22 de diciembre de 1997. A dicha vista no compareció el licenciado Crespo Enríquez, estando huérfano el expediente de solicitud de posposición alguna. Así las cosas, el tribunal puso en vigor la orden de desalojo y ordenó la desestimación con perjuicio del nuevo pleito.

La codemandada Sánchez Picón, a través de su representación legal, presentó sendas mociones de reconsideración en cuanto a las determinaciones del tribunal *a quo*. Este las acogió y señaló la celebración de una vista para el 11 de marzo de 1998. Sin embargo, antes de celebrarse la vista del 11 de marzo, la codemandada Sánchez Picón presentó dos recursos de *certiorari* , uno por cada caso, ante el Tribunal de Circuito de Apelaciones. El 11 de marzo del 1998, el Tribunal de Instancia emitió una orden dejando sin efecto la sentencia de archivo en el pleito independiente. Asimismo, expresó su interés en escuchar y recibir evidencia relacionada con la permanencia del señor John Estrada Ortega en nuestra jurisdicción, ello a los fines de que pudiera ser emplazado. No obstante, no pudo efectuarse la vista toda vez que el licenciado Crespo Enríquez solicitó su posposición, para presentar el testimonio de su emplazador. En consecuencia se reseñaló la vista para el 13 de marzo de 1998. Por confligir la vista con el calendario del licenciado Crespo Enríquez, se pospuso la celebración de ésta para el día 20 del mismo mes.

No conforme con lo anterior, el 16 de marzo de 1998, el licenciado Crespo Enríquez presentó un escrito titulado "Moción Ratificando Reconsideración". Entre otras cosas solicitó la inhibición del Juez Vissepó Vázquez por entender que éste estaba impedido de atender y resolver los asuntos pendientes en los casos FAC 96-0560 y 94-0089.

A raíz de este último escrito advinimos en conocimiento del comportamiento del licenciado Crespo Enríquez al referirnos el Juez Vissepó Vázquez copia de una resolución emitida por él en el Caso 94-0089 describiendo la conducta profesional de dicho letrado.

Alega el Juez Vissepó Vázquez que el licenciado Crespo Enríquez incluyó, como parte de dicha moción, expresiones difamatorias, injustificadas, carentes de prueba y fundamentos, en su contra. Específicamente, sintetiza las expresiones del abogado de la siguiente manera:

> "lleg[ó] inclusive a sostener que el juez suscribiente incurrió en negligencia crasa e insinuar conducta constitutiva de posible acción criminal. Más aún, destacó el referido abogado que la conducta del juez suscribiente en mantener bajo su control la acción de epígrafe era inusitada y extraña. Sostuvo que no teníamos jurisdicción para atender y resolver los asuntos pendientes debido a los recursos presentados ante el Tribunal de Circuito de Apelaciones. Por todo lo anterior expresó que debíamos inhibirnos de continuar los procedimientos en este caso."

Intimó que tal conducta podría ser constitutiva de violación al Canon 9 de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 9.

Examinada la Resolución del Juez Vissepó Vázquez, el 2 de junio de 1998 emitimos Resolución –archivada en autos copia de su notificación el 10 de junio de 1998– concediéndole sesenta (60) días al Procurador General para que investigara y rindiera el correspondiente informe.

El 28 de agosto de 1998 el Procurador General presentó ante nos su "Informe". Concluyó que el licenciado Crespo Enríquez actuó con poca competencia profesional y que faltó a la dignidad del Tribunal de Primera Instancia. Incluyó como hallazgos de su investigación los incisos 4 y 5 de la Moción de Inhibición que presentara éste a nombre de las codemandadas el 19 de marzo de 1998. Por su pertinencia transcribimos los mismos:

> "4. [q]ue de todo lo expuesto surge claro para las comparecientes que el Señor Juez Rafael L. Vissepó Vázquez ha actuado tanto el el [sic] caso de de [sic] epígrafe (en

donde las desalojó de su hogar y las lanzó a la calle) como el 94-0089 de Distrito en donde fueron condenadas las comparecientes sin haber causa de acción contra ellas, pues la deuda era la del esposo y padre de ellas y para beneficio de él) en forma manifiesta en favor del Sr. John Estrada Ortega que es un señor que según voz pública se dedica a negocios no muy claros y presume de que todo lo resuelve con dinero.

5. Que para [sic] el Juez Vissepó Vázquez pudiera desestimar este caso en beneficio del Señor Estrada, según surge claro de los escritos que hemos leído, fue preciso que ignorara y violentara las leyes procesales, lo que en nuestro criterio inhabilita [sic] para seguir conociendo del mismo."

Por entender que con su conducta el licenciado Crespo Enríquez vulneró lo dispuesto en el Canon 9, supra, nos recomienda la imposición de sanciones disciplinarias.

Así las cosas, el 8 de septiembre de 1998 el licenciado Crespo Enríquez presentó un escrito titulado "Posición del Querellado". A través de éste, pretende refutar la afirmaciones del Procurador General. Alega que siempre se dirigió al magistrado como "Honorable Juez" o "el ilustrado Juez Vissepó Vázquez". No obstante, insiste en que el Juez Vissepó Vázquez actuó con grave negligencia al disponer de los casos ante su consideración sin mayor evaluación ni análisis.

Examinados tanto el Informe del Procurador General como el escrito titulado "Posición del Querellado", el 16 de octubre de 1998 le concedimos al Procurador General el término de treinta (30) días para que expusiera su posición en relación a la réplica del letrado. El 18 de noviembre de 1998 el Procurador General manifestó que en nada variaba su posición y recomendación original. Concluyó que "la defensa de su cliente no concedía licencia al abogado para faltarle el respeto al Juez que tiene ante sí el caso."

El 4 de diciembre de 1998 le concedimos el término de veinte (20) días al licenciado Crespo Enríquez para que mostrara causa por la cual este Tribunal no debía resolver este asunto sin trámite ulterior. El 16 de diciembre de 1998, y tal cual ordenado, compareció éste a través de un "Escrito Mostrando Causa". Aduce que el Procurador General no impugnó ninguna de las alegaciones por él esbozadas en su escrito titulado "Posición del Querellado". Que al así actuar el Procurador General admitía su corrección y veracidad por lo que procedía resolver el asunto sin trámite ulterior.

Teniendo el beneficio de la comparecencia tanto del licenciado Crespo Enríquez como del Procurador General estamos en posición de resolver.

II

El canon 9 de Etica Profesional, *supra*, exige de los abogados lo siguiente:

> "...observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales. En casos donde ocurrieren tales ataques o atentados, el abogado debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales

El deber de respeto propio para con los tribunales incluye también la obligación de tomar las medidas que procedan en ley contra funcionarios judiciales que abusan de sus prerrogativas o desempeñan impropiamente sus funciones y que no observan una actitud cortés y respetuosa."

Requiere, pues, este canon, que los abogados cuando hayan de dirigirse al tribunal –aún para criticarle– lo hagan con respeto y deferencia. De hecho, somos del criterio de que "la crítica judicial sana y oportuna es un medio necesario y efectivo para mantener a los jueces alertas y atentos al estricto cumplimiento de

sus funciones." *In re Andréu Ribas*, 81 D.P.R. 90, 120 (1959).

Sin embargo, denota escasa competencia profesional aquél miembro de esta ilustre profesión, que en lugar de utilizar argumentos persuasivos para convencer al Tribunal, recurre al uso de lenguaje soez para adelantar los intereses de su cliente. *De Latorre v. Alcalde de Carolina,* 104 D.P.R. 523,529 (1976). Sobre todo, resulta nefasto a la buena práctica de la profesión el que un abogado haga serias imputaciones sobre el obrar de un juez, cuando dichas imputaciones no están avaladas con evidencia contundente e indubitada. *In re Cardona Alvarez*, 116 D.P.R. 895,907 (1986); In re *Andréu Ribas*, *supra*; *Cordero v. Rivera*, 74 D.P.R. 586, 609 (1953).

De otra parte, el que un abogado defienda apasionada y diligentemente la causa de acción de su cliente, no es incompatible con la exigencia de que cuando vaya a dirigirse al tribunal lo haga respetuosa y decorosamente. Ello no empece a que reconocemos que hay instancias en que a los abogados –que con tesón y esmero defienden las causas de sus clientes– les causa desazón las determinaciones adversas que puedan hacer los tribunales; no obstante, ello no es licencia para cuestionar la dignidad, honestidad y ecuanimidad de los miembros de la judicatura. Ante determinaciones adversas, los abogados poseen las herramientas que el propio ordenamiento les provee para que éstas puedan ser revisadas. Como bien dijimos en *Pueblo v. Susoni*, 81 D.P.R. 124, 154 (1959), "el comportamiento judicial que de alguna manera afecte los derechos de un acusado o litigante puede llevarse al récord para la acción correctiva que proceda por un tribunal superior, a tenor con lo que deba ser un juicio imparcial y justo." Véase, además, *In re Cardona Alvarez*, *supra*.

En el pasado, a los fines de guiar la ardua tarea que tenemos los miembros de este foro de examinar y ponderar la conducta de los compañeros abogados –tanto oral como escrita– hemos elaborado tres (3) criterios que abonan a que emitamos determinaciones más justas y equitativas. Los criterios a saber son: (a) si aunque equivocado, el abogado creía en la validez de las imputaciones al juez; (b) si aunque los hechos no eran ciertos, tenía motivos fundados o causa probable para

creer en su veracidad; y (c) si la imputación no fue hecha maliciosamente con el propósito deliberado de denigrar al tribunal. *In re Cardona Alvarez*, *supra*; *In re Martínez, Jr.*, 108 D.P.R. 158 (1978); *In re Torres*, 81 D.P.R. 928 (1960); *In re Andréu Ribas*, *supra*; *In re González Blanes*, 65 D.P.R. 381 (1945).

A la luz de este trasfondo doctrinal, evaluemos los hechos del caso de autos.

El licenciado Crespo Enríquez, a través de varios escritos dirigidos al tribunal, hizo serias imputaciones contra el Juez Vissepó Vázquez, que nada aportaban a los procedimientos que ante éste último se ventilaban. Más bien, con este comportamiento el abogado en cuestión hirió las relaciones cordiales y el ambiente de civismo y profesionalismo que debe permear en todos los procesos judiciales. Nada surge del expediente que nos lleve a pensar que el licenciado Crespo Enríquez tenía motivos fundados, más allá de meras alegaciones, para creer que en efecto el Juez Vissepó Vázquez actuó en contravención de la ética y la moral. El respeto y la deferencia para con los jueces trasciende los formalismos de llamarle "Honorable" o "ilustrado". Esos son importantes. No obstante, tales muestras de respeto y consideración tienen que estar a la altura de lo que se espera de todos y cada uno de los funcionarios del tribunal en los planteamientos que luego se formulan.

Sin pretender evaluar los méritos que pudiesen tener los planteamientos legales esgrimidos por el licenciado Crespo Enríquez a la luz de los hechos del caso, no podemos menos que reiterar que, si en algo había errado el Juez Vissepó Vázquez, el remedio que tenía el abogado no era injuriarle como hizo, sino recurrir a un tribunal de superior jerarquía.

Ciertamente el licenciado Crespo Enríquez incurrió en conducta altamente censurable. Actuó en contravención de lo establecido en el Canon 9 de Etica Profesional, *supra*. Con su proceder infringió los principios básicos de deferencia y consideración hacia los tribunales.

En atención a todo lo previamente expuesto y por considerar que cuando un abogado o abogada incluye

alegaciones o expresiones difamatorias e irrespetuosas en un escrito dirigido al tribunal, mancilla la dignidad de todos los funcionarios a cargo de la loable tarea de impartir justicia, censuramos la conducta del licenciado Crespo Enríquez y le apercibimos que de repetirse este tipo de actuación podrá ser objeto de sanciones más severas, incluyendo la suspensión del ejercicio de la profesión.

Se dictará sentencia de conformidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In re:

Lic. José E. Crespo Enríquez AB-98-080

**SENTENCIA**

San Juan, Puerto Rico, a 4 de marzo de 1999.

En vista de lo expuesto en la Opinión Per Curiam que antecede y que se hace formar parte de esta sentencia, censuramos la conducta del licenciado José E. Crespo Enríquez y le apercibimos que de repetirse este tipo de actuación podrá ser objeto de sanciones más severas, incluyendo la suspensión del ejercicio de la profesión.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri no intervinieron.

Isabel Llompart Zeno

Secretaria del Tribunal Supremo

[Retornar al índice anterior](#)