EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Carlos R. Rodríguez García | 2017 TSPR 33<br><br>197 DPR \_\_\_\_ |
|---|---|

Número del Caso: CP-2015-5

Fecha: 3 de marzo de 2017

Abogado de la parte promovente:

      Por derecho propio

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Karla Pacheco Álvarez
      Subprocuradora General

      Lcda. Mónica Cordero Vázquez
      Procuradora General Auxiliar

      Lcda. Yaiza Marie Lugo Fontánez
      Procuradora General Auxiliar

Comisionada Especial:

      Hon. Crisanta González Seda

Materia: Conducta Profesional – La Suspensión será efectiva el 14 de marzo de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos R. Rodríguez García
        (TS-7061)

CP-2015-5

PER CURIAM

En San Juan, Puerto Rico, a 3 de marzo de 2017.

Nos corresponde analizar si el Lcdo. Carlos Rodríguez García incurrió en conducta contraria al Código de Ética Profesional, infra, al solicitarle a una persona que fingiera ser su representado durante una vista preliminar como estrategia para cuestionar la precisión de una identificación. Concluimos que violó los Cánones 5, 35 y 38 del Código de Ética Profesional, infra.

I

El licenciado Rodríguez García fue admitido al ejercicio de la abogacía el 20 de noviembre de 1980 y a la notaría el mes siguiente. En 1986 fue

nombrado Juez de Distrito para el entonces Tribunal de Distrito. Posteriormente, fue nombrado Juez Superior. Función que desempeñó hasta el 1994, cuando se reintegró a la práctica privada.

Este proceso disciplinario sobre el licenciado Rodríguez García surgió como consecuencia de un acta y resolución enmendada suscrita por la Hon. Laura Liz López Roche que se elevó ante la consideración de este Tribunal y tiene su origen en un caso de naturaleza criminal. Según se desprende del acta y resolución enmendada, se presentaron dos denuncias contra el Sr. Gabriel Quiñones Rivera por violaciones de la Ley de Sustancias Controladas de Puerto Rico. El imputado quedó citado para una vista preliminar y se designó al licenciado Rodríguez García como su abogado de oficio.

El licenciado Rodríguez García acudió a la referida vista preliminar acompañado por una persona que pretendió ser su representado. Un agente de la policía declaró como testigo del Ministerio Público e identificó a la persona que estaba sentada detrás del licenciado Rodríguez García como la que le vendió cocaína a ciertos coimputados. Mientras el Ministerio Público interrogaba al agente, el licenciado Rodríguez García interrumpió en varias ocasiones para preguntar si la persona que él identificó en sala como el vendedor de las sustancias controladas era la persona que se encontraba sentada a sus espaldas. El agente contestó afirmativamente sus preguntas.

Una vez culminó el interrogatorio directo del Ministerio Público, el licenciado Rodríguez García contrainterrogó al agente e inquirió sobre si estaba seguro de que la persona que identificó era el imputado. El agente contestó nuevamente en la afirmativa. Tras esa respuesta, el licenciado Rodríguez García solicitó permiso para atender una llamada telefónica fuera de sala. Minutos más tarde, el licenciado Rodríguez García regresó a la sala. Luego una persona entró y se sentó en el primer banco del público. Sin solicitar autorización, el licenciado Rodríguez García le requirió a esa persona que pasara al frente.

En ese momento, la jueza López Roche se percató de que esta persona "tenía la misma fisionomía del que estaba en sala como imputado en el banco de los detenidos". Acto seguido, el licenciado Rodríguez García le preguntó al agente que declaraba si al observar a ambas personas tenía alguna duda de que la persona que vio el día de los hechos era quien identificó previamente y compareció como imputado en la vista. El agente contestó que la persona que observó en la vigilancia y que fue arrestada exhibía un tatuaje de una cruz en uno de sus brazos. El Ministerio Público cuestionó inmediatamente el proceder del licenciado Rodríguez García. En ese instante, la jueza López Roche le advirtió que no había solicitado permiso del tribunal para realizar ese "experimento" y su actuación podía

constituir un fraude, así como una violación de los Cánones de Ética Profesional, <u>infra</u>.

El licenciado Rodríguez García le exhortó a la persona que estaba sentada como imputado que mostrara su brazo y al hacerlo se notó que no tenía marca alguna. Por su parte, el tribunal le exigió a la otra persona que llegó con posterioridad a la vista que descubriera su brazo. El licenciado Rodríguez García se opuso a la petición y alegó que constituía una violación del derecho a no autoincriminarse. Esa otra persona indicó que no tenía marcas en sus brazos. El tribunal denegó la objeción del licenciado Rodríguez García y, a petición del Ministerio Público, le exigió a la persona sentada en el público enseñar su brazo. Al así hacerlo, se percató de que la persona tenía el tatuaje de la cruz al que hizo referencia el agente.

La jueza citó una reunión en cámara entre las partes, sus representantes legales y los otros agentes del orden público que intervinieron en el caso. Allí, otro agente también identificó a la persona que tenía el tatuaje en su brazo como el verdadero imputado. Como resultado, el tribunal ordenó que se analizaran las huellas dactilares de la persona que compareció como imputado con el propósito de compararlas con las que se le tomaron a la persona que fue arrestada el día de los hechos. Además, exigió que los resultados le fueran notificados oportunamente.

Un tiempo después, el Ministerio Público presentó un escrito en el cual incluyó los resultados de la comparación de las huellas dactilares y una declaración jurada de la persona que compareció como imputado a la vista preliminar junto al licenciado Rodríguez García. La declaración jurada fue suscrita por el Sr. Phillip G. Quiñones Rivera y expuso lo siguiente:

> Me estaba acabando de levantar. Suena el teléfono y mi tía Norma lo contesta y me dice que es mi hermano. Mi hermano es gemelo conmigo y se llama Gabriel Quiñones. Contesto el teléfono y mi hermano me dice que el abogado de él llamó diciéndole que yo fuera a la oficina del abogado para verlo.

> Fui a casa de mi mamá a buscar a mi hermano Gabriel, para ir a la Oficina del licenciado Carlos Rodríguez García en Hato Rey, ya que en el día de hoy mi hermano Gabriel tenía un caso por venta de drogas. Yo le pregunté para qu[é] el abogado me quería y él sólo me dijo que el abogado me quería ver. Yo le dije que iba a verlo, pero que me tenía que ir porque iba a trabajar.

> Cuando llegamos a la oficina del abogado, el abogado me dijo que fuera con él para la Sala del Tribunal. El abogado le dijo a mi hermano que se quedara en la oficina y a mí me dijo que lo acompañara al Tribunal. Llegamos al Tribunal, subimos a la Sala 606. Estuvimos allí esperando a que llegara el Juez. Cuando llegó la Juez, me dijo que me sentara detrás de él. Me senté detrás del abogado. Ahí empezaron a hablar lo del caso[;] un guardia me señaló como si yo fuera vendedor de drogas. Yo me quedé callado, pero estaba sorprendido, porque no sabía lo que estaba pasando. El abogado le pide al [sic] Juez un receso y se lo dan. El abogado sale afuera a hacer una llamada y yo me quedé sentado donde estaba. Entro al [sic] abogado y la Jueza para continuar. Ahí, empezó el abogado de mi hermano a decirle al agente que si estaba seguro de que yo era la persona que había visto vendiendo drogas y el agente le contestó que sí. En ese momento veo que mi hermano Gabriel entra y se sienta con las demás personas en la

primera fila. Vuelve y le pregunta al guardia si estaba seguro y le hace señas a mi hermano de que se pare y me hace señas a mí de que me pare y le pregunta al guardia, que cuál de los de los [sic] era el vendedor que él había visto. Ahí, la Jueza par[ó] el caso. La Jueza le dijo, que si era un testigo, que tenía primero que pedirle permiso. Entonces, la Juez, el Fiscal y los abogados se reunieron en la parte de atrás. Cuando salieron la Juez dijo que me sacaran huellas para comparar con las de mi hermano, para saber cuál era cuál.

Según se desprende de los resultados de la comparación, las huellas dactilares del señor Phillip G. Quiñonez Rivera, quien fingió ser el imputado en la vista preliminar, no correspondieron con las de la persona que fue arrestada e imputada de delito. Quedó demostrado que esas huellas dactilares pertenecen al señor Gabriel Quiñones Rivera. Por consiguiente, el tribunal entendió que la actuación que desplegó el licenciado Rodríguez García durante la vista preliminar podía constituir una violación de los Cánones de Ética Profesional, infra. Así, en cumplimiento con el Canon 16 de Ética Judicial, 4 LPRA Ap. IV-B, refirió el asunto ante nuestra consideración para la acción correspondiente.

Tras los trámites de rigor que incluyeron la presentación de la querella correspondiente por la Oficina de la Procuradora General y la designación de una Comisionada Especial, se celebró una vista. En ella, el licenciado Rodríguez García solo presentó su propio testimonio. Luego de la vista, la Comisionada Especial rindió un informe en el cual determinó que el licenciado Rodríguez García infringió los Cánones 5, 9, 35 y 38 de

Ética Profesional, infra. El licenciado Rodríguez García tuvo la oportunidad de expresarse sobre el referido informe. Sometido el caso en los méritos para su adjudicación, este Tribunal se encuentra en posición de ejercer su poder disciplinario.

II

Como tantas veces hemos expresado, los Cánones de Ética Profesional, 4 LPRA Ap. IX, recogen las normas de conducta de quienes ejercen la profesión legal. In re Hernández González, 188 DPR 721, 727 (2013). Su fin es garantizar un comportamiento ejemplar por parte de los abogados en el desempeño de su delicada e importante labor como funcionarios de los tribunales para que se desempeñen acorde con los principios más altos de conducta decorosa. Ese comportamiento íntegro es vital para el beneficio de la ciudadanía, la profesión legal y las instituciones de justicia. In re Rivera Nazario, 193 DPR 303, 310 (2015). No olvidemos que los abogados son el espejo donde se refleja la imagen de la profesión, por lo que recae en sus hombros actuar con un sentido excelso de responsabilidad y tienen ante ellos la misión de enaltecer la administración de la justicia. In re Pagán Torres, 194 DPR 925, 930 (2016).

**A. Conducta como defensor o fiscal**

El Canon 5 del Código de Ética Profesional, 4 LPRA Ap. IX C. 5, dispone, entre otros asuntos, que después que un abogado asume la defensa de un acusado tiene el

deber de presentar, **por todos los medios rectos y honorables**, cualquier defensa que las leyes vigentes permitan con el fin de que ninguna persona sea privada de su vida o de su libertad sin el debido proceso de la ley. Asimismo, se reconoce como un deber primordial del abogado defensor procurar que se haga justicia. Íd. Este deber requiere del abogado defensor, como miembro de la clase togada, estar plenamente comprometido con el esclarecimiento de la verdad y procurar que se imparta justicia. Por eso, es "altamente reprochable el que un abogado produzca o trate de producir prueba falsa ante un tribunal". In re Delgado Rodríguez, 178 DPR 625, 627 (2010).

   **B. Conducta del abogado ante los tribunales**

   Como parte de sus obligaciones éticas, todo abogado tiene un deber inexcusable de respeto a los tribunales. Así lo indica el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX C. 9, cuando expone que "el abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". El canon reconoce que ese deber incluye "la obligación de desalentar y evitar ataques injustificados o atentados ilícitos […] contra el buen orden en la administración de la justicia en los tribunales". Sobre este deber hemos expresado que "el que un abogado defienda apasionada y diligentemente la causa de acción de su cliente, no es incompatible con la exigencia de que cuando vaya a dirigirse al tribunal lo

haga respetuosa[mente]". <u>In re Crespo Enríquez</u>, 147 DPR 656, 663 (1999). Precisamente, para propiciar la buena administración de la justicia, en numerosas ocasiones hemos reiterado que este precepto ético exige de todo abogado el cumplimiento diligente de las obligaciones asumidas y las órdenes de los foros judiciales. <u>In re González Cardona</u>, 179 DPR 548, 564 (2010). Esto es así en vista de que el abogado, además de defensor de su cliente, es colaborador de la justicia y funcionario del tribunal. <u>Íd.</u>

### C. Sinceridad y honradez

Por su parte, el Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX C. 35, dispone, en lo pertinente, lo siguiente:

> La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada. **No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios** o una falsa relación de los hechos o del derecho.
> […]
> El abogado debe ajustarse a la sinceridad de los hechos al examinar testigos, al redactar affidávit u otros documentos, y al presentar las causas. (Énfasis Suplido).

Como se puede colegir, este Canon le exige a los abogados ser sinceros y honrados con sus representados, sus compañeros abogados y el tribunal. En ese sentido, hemos expresado que el Canon 35 del Código de Ética Profesional, <u>supra</u>, requiere que la conducta de todo miembro de la profesión se caracterice por la sinceridad

y la honradez. In re López González, 171 DPR 567, 574 (2007). Añade el precepto que no es sincero ni honrado utilizar medios incompatibles con la verdad, **ni se debe inducir a error al juzgador mediante artificios** o una falsa relación de los hechos o del derecho. In re Torres Vinals, 180 DPR 236, 246 (2010). "Todo el entramado de nuestro sistema judicial se erige sobre la premisa de que los abogados, sobre quienes recae principalmente la misión de administrar la justicia, han de conducirse siempre con integridad ante los foros judiciales". In re Currás Ortiz, 141 DPR 399, 402 (1996).

Este Canon comprende el compromiso incondicional de un abogado con la verdad, atributo inseparable de la justicia. In re Torres Vinals, supra, pág. 247. De esta manera, un abogado que falta a la verdad infringe el Canon 35 del Código de Ética Profesional, supra, **independientemente de los motivos que lo movieron a incurrir en esa conducta** o de que no se hubiera perjudicado a tercero alguno. In re Grau Acosta, 172 DPR 159, 175 (2007). Conforme a lo anterior, **el abogado que provee información falsa al tribunal o que no se ajuste a la verdad, o que oculte información que deba ser revelada, incumple con este canon aunque no haya obrado de mala fe o deliberadamente, no haya tenido la intención de engañar** o no haya causado daño a un tercero. In re Zapata Torres, 176 DPR 545, 554 (2009). En torno a esta responsabilidad ética, nos parece oportuno reproducir

íntegramente nuestras expresiones en <u>Berríos v. UPR</u>, 116 DPR 88, 91 (1985):

> Es imperativo alertar que el deber de lealtad del abogado a la justicia y a la verdad no es menor que la debida a su cliente. Ambas fidelidades deben armonizarse. **La conducta de un abogado no debe obstaculizar la función adjudicativa de un tribunal so pretexto de promover los intereses de su cliente. El éxito de su representación no puede descansar en 'habilidades o destrezas técnicas' que burlan elementales principios de justicia.** La gestión profesional del abogado durante todo el proceso judicial tiene que estar a la altura de su encomienda como auxiliar y colaborador de nuestros tribunales de justicia. Como elemento indispensable en la búsqueda de la verdad, su conducta debe ser franca y honesta. Su proceder, no puede apartarse de la buena fe y el trato justo al adversario sin exponer a su cliente a las consecuencias legales de tal omisión. 'A nuestro modo de ver, el deber de decir la verdad existe, porque es un deber de conducta humana. Pero lo que el proceso requiere no es solamente la verdad formal; requiere la lealtad, el juego limpio y no el subterfugio'.[…] **Nuestro sistema adversativo tiene límites, la justicia le sirve de norte y la ética como principio rector lo circunscribe a fines superiores sobre los cuales descansa nuestra convivencia.** (Énfasis suplido).

### D. Preservación del honor y dignidad de la profesión

El Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX C. 38, impone sobre las personas admitidas a la práctica de la abogacía el imperativo de esforzarse en exaltar el honor y la dignidad de su profesión al máximo de su capacidad. También, deben conducirse de forma digna y honorable. <u>Íd.</u> En su conducta como funcionarios del tribunal, los abogados deben aportar cabalmente a la consecución de una mejor administración de la justicia. <u>Íd.</u> Sin lugar a dudas, **este canon impone sobre los**

**abogados una obligación de ejercer actos afirmativos con el fin de lograr que la administración de la justicia opere adecuadamente**. In re Hoffmann Mouriño, 194 DPR 179, 188 (2015). Para ello, deben realizar aportaciones cabales y se deben esforzar, al extremo que les sea posible, por exaltar el honor y la dignidad de la profesión. Íd. Ante la alegación de que un abogado infringió esta parte del Canon 38 del Código de Ética Profesional, supra, nos corresponde entonces evaluar las circunstancias particulares y específicas de la infracción imputada. Íd.

III

La Oficina de la Procuradora General fundamentó la violación del Código de Ética Profesional en la conducta del licenciado Rodríguez García al perpetrar un "experimento" durante una vista preliminar. En su informe, la Comisionada Especial nos afirma que el licenciado Rodríguez García aceptó la conducta tal y como la describió la jueza López Roche en el acta y resolución enmendada que dio inicio a este procedimiento disciplinario. Como resultado, conforme nos informa la Comisionada Especial, no existe controversia alguna sobre lo acontecido en la vista preliminar.

La defensa del licenciado Rodríguez García, expresada en los distintos escritos presentados en este proceso y en su testimonio ante la Comisionada Especial, es que su "único error" fue no anticiparle al tribunal,

en ausencia del agente del orden público, que llevaría a cabo un "experimento" en sala dirigido a cuestionar la identificación que se realizó de su cliente imputado. Niega rotundamente que su conducta haya infringido los Cánones de Ética Profesional, supra, según se le imputa. Fundamenta su posición en que no se evidenció que haya presentado prueba falsa en el caso o que haya incurrido de manera alevosa en un engaño o acto deshonrado.

Los hechos probados establecen que el licenciado Rodríguez García conocía que su cliente imputado tenía un hermano gemelo idéntico y le solicitó a su cliente que lo citara a su oficina. Además, le pidió al hermano que lo acompañara a la sala del tribunal donde se celebraría la vista preliminar, mientras que instruyó al verdadero imputado permanecer en otro lugar. El licenciado Rodríguez García reconoce abiertamente que ideó este esquema para impugnar la identificación que se hizo de su cliente. Sin embargo, según acepta, lo hizo sin informarlo al tribunal y sin procurar la autorización debida. No albergamos la menor duda de que este proceder **no** constituye un **medio recto, honorable, ni permitido** para defender los intereses de un cliente acusado en un procedimiento judicial criminal. Representar que una persona es el imputado con pleno conocimiento de que no lo es, descerraja crasamente el deber primordial de un abogado defensor de procurar el esclarecimiento de la verdad. La conducta se torna peor cuando se realiza con

la finalidad de lograr que el testigo que identificaría al imputado en corte se equivoque. Este tipo de representación constituye un fraude al tribunal que obstruye la búsqueda de la verdad, la administración de la justicia e induce a error al juzgador, al testigo y al Ministerio Público. Además, esa estrategia de defensa es incompatible con el esclarecimiento de la verdad y la consecución de la justicia. Violó el Canon 5 del Código de Ética Profesional, supra.

Con respecto al Canon 35 del Código de Ética Profesional, supra, surge de los hechos probados que el licenciado Rodríguez García le representó al tribunal que el imputado era la persona sentada detrás de él, cuando realmente el imputado ni siquiera se encontraba presente en sala. En otras palabras, representó un hecho falso que de revelarse desde un inicio habría resultado en una determinación automática de causa probable para juicio, por incomparecencia. Véase Pueblo en interés del menor F.R.F., 133 DPR 172, 185-186 (1993). Por otra parte, cuando el agente de la policía fue confrontado con las dos personas idénticas y manifestó que podía identificar al verdadero imputado por un tatuaje en el brazo, el licenciado Rodríguez García le pidió a la persona que sabía que no era su cliente que mostrara el brazo pero se opuso a que el verdadero imputado hiciera lo propio. Derivamos de esos hechos que el licenciado Rodríguez García no solo representó una falsedad sino que intentó

encubrirla. Al ocultar que suplantó al imputado en la vista preliminar, el licenciado Rodríguez García no se ajustó a la verdad —representó que su cliente era otra persona— y ocultó información que debía ser revelada —se opuso a que el tribunal constatara quién era la persona con el tatuaje—. No es sincero ni honrado utilizar medios inconsistentes con la verdad, ni se debe inducir al tribunal a error a través del uso de artificios o falsas representaciones. Con su "experimento" y conducta posterior, el licenciado Rodríguez García empleó una táctica que atentó contra la verdad, con la consecuencia ineludible de crear un ambiente de confusión en sala. Aunque el licenciado Rodríguez García aseguró que su intención no fue inducir a error al tribunal, ni falsear la verdad, ese fue el resultado inevitable de su actuación. Reafirmamos que ninguna conducta de un abogado debe obstaculizar la función adjudicativa de un tribunal al adulterar la realidad, so pretexto de promover los intereses de su cliente. La conducta de todo letrado debe ser siempre franca, honesta y enmarcada en la veracidad.

El licenciado Rodríguez García violó también el Canon 38 del Código de Ética Profesional, supra. No realizó actos afirmativos para que la administración de la justicia operara adecuadamente durante la vista preliminar, sino todo lo contrario. De igual modo, tampoco intentó corregir la incertidumbre que creó con su "experimento". Específicamente, de los hechos probados se

desprende que, luego de la situación en sala, el tribunal convocó una reunión en cámara entre las partes, sus representantes legales y los otros agentes del orden público que intervinieron en el caso. En esa reunión, otro agente del orden público identificó a la persona que tenía el tatuaje como el verdadero imputado y el tribunal ordenó que se analizaran las huellas dactilares de ambos individuos. En ese momento, el licenciado Rodríguez García pudo aclarar la confusión que proporcionó su falsa representación pero no lo hizo. No fue hasta que el Ministerio Público presentó los resultados del examen de las huellas dactilares y la declaración jurada del señor Phillip G. Quiñones Rivera, que el tribunal advino en pleno conocimiento de lo que había transcurrido durante la vista preliminar.

El proceder del letrado falló en exaltar el honor y la dignidad de su profesión y provocó que el tribunal desperdiciara recursos públicos en ordenar una prueba de huellas dactilares. La duda que surgió con respecto a la identificación del imputado fue producto directo del empleo de una estrategia inconsistente con la búsqueda de la verdad y su efecto perduró por la falta de actos afirmativos del licenciado Rodríguez García para corregir la situación. Es decir, los actos y omisiones del licenciado Rodríguez García provocaron la interrupción del proceso judicial, que se tuviera que ordenar una prueba pericial para aclarar lo acontecido, que otro

ciudadano estuviera en riesgo de ser imputado por la comisión de un delito, y que el verdadero imputado perdiera su derecho a defenderse en una vista preliminar.

Por último, no hallamos una violación del Canon 9 del Código de Ética Profesional, supra, ya que si bien el proceder del licenciado Rodríguez García es altamente reprochable y de un análisis literal se podría catalogar como una falta de respeto al tribunal, su conducta no es la que este Tribunal ha reconocido que se busca sancionar a través de ese precepto ético. En las innumerables ocasiones que hemos interpretado esta parte del Canon 9 del Código de Ética Profesional, supra, hemos reconocido que la falta de respeto que allí se sanciona es la que menosprecia la autoridad de los tribunales, ya sea porque un abogado se dirigió de forma soez, indecorosa o vulgar, desacató las ordenes emitidas por los foros judiciales o sus dependencias, no notificó cambios en su dirección postal o física, realizó imputaciones o ataques infundados a un juez, cuestionó maliciosamente la dignidad, honestidad y ecuanimidad de los miembros de la judicatura, propició un trato discriminatorio e incurrió en incomparecencias injustificadas, entre otras. Véase In re Crespo Enríquez, supra; In re Irizarry Irizarry, 190 DPR 368 (2014); In re Betancourt Medina, 183 DPR 821 (2011); In re Nieves Nieves, 181 DPR 25 (2011); In re Valcárcel Mulero I, 142 DPR 41 (1997). En un sentido más específico, el deber de respeto que surge del Canon 9 del

Código de Ética Profesional, supra se manifiesta en dos vertientes específicas: el mandato de respetar las órdenes y directrices emitidas por los tribunales (respeto a la autoridad judicial) y la obligación de respetar a los jueces, empleados y funcionarios del tribunal en sus comparecencias e interacciones con estos (respeto de carácter cívico). S. Steidel Figueroa, Ética y responsabilidad disciplinaria del abogado, San Juan, Pubs JTS, 2010, pág. 312.

IV

Este Tribunal ha elaborado una serie de criterios que se analizarán al momento de determinar la sanción disciplinaria que se impondrá sobre aquellos abogados que hayan incurrido en conducta reñida con los postulados éticos. Esos elementos incluyen: (1) la buena reputación del abogado en la comunidad; (2) su historial previo; (3) si la falta bajo análisis constituye su primera falta; (4) la aceptación de la falta y su arrepentimiento sincero; (5) si se trata de conducta aislada; (6) el ánimo de lucro que medió en su actuación; (7) resarcimiento del cliente; y (7) cualquier otra consideración, ya bien atenuante o agravante, que surja de los hechos. In re Rivera Nazario, 193 DPR 573, 587 (2015); In re De León Rodríguez, 190 DPR 378, 398 (2014); In re Plaud González, 181 DPR 874, 887-888 (2011).

Existen ciertos criterios que militan como atenuantes a favor del licenciado Rodríguez García en

este caso. Sostuvo que goza de buena reputación en la profesión y el caso que originó este asunto le fue asignado de oficio, por lo que no obtuvo beneficio económico alguno. Sin embargo, hay más situaciones agravantes que atenuantes. Al día de hoy, el licenciado Rodríguez García insiste en que su conducta no infringió los postulados éticos de nuestra profesión. No reconoce la gravedad de su conducta. Reitera que su única falla fue no haber notificado que se llevaría a cabo el experimento de impugnación de la identificación del imputado de delito. Por otro lado, pesa sobre nuestro análisis el hecho de que debido a la actuación del licenciado Rodríguez García su cliente perdió la oportunidad de ejercer su derecho a formular una defensa adecuada durante la vista preliminar. Además, no podemos pasar por alto que el licenciado Rodríguez García, luego de representar un hecho falso ante el tribunal, no tomó acción alguna para corregir la confusión creada, aunque tuvo plena oportunidad de hacerlo. En ese sentido, no estamos ante una conducta aislada sino ante una secuencia de infracciones suscitadas durante y después de la vista preliminar. Asimismo, el Estado tuvo que gastar sus recursos en aras de esclarecer una falsa representación que se le hizo en sala.

V

Tras un análisis ponderado de las actuaciones del licenciado Rodríguez García, concluimos que violó los

Cánones 5, 35, y 38 del Código de Ética Profesional <u>supra</u>, pero no el Canon 9, <u>supra</u>.

Por consiguiente, ordenamos la suspensión inmediata del Lcdo. Carlos Rodríguez García de la práctica de la abogacía y la notaría por un término de seis meses. El licenciado Rodríguez García deberá notificar de inmediato a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a estos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial del licenciado Rodríguez García y los entregue al Director de la Oficina de Inspección de Notarías, para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Carlos R. Rodríguez García
      (TS-7061)

CP-2015-5


SENTENCIA

En San Juan, Puerto Rico, a 3 de marzo de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, se ordena la suspensión inmediata del Lcdo. Carlos Rodríguez García de la práctica de la abogacía y la notaría por un término de seis meses. El licenciado Rodríguez García deberá notificar de inmediato a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a estos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial del licenciado Rodríguez García y los entregue al Director de la Oficina de Inspección de Notarías, para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco lo suspendería por tres meses. El Juez Asociado señor Rivera García no interviene.


                         Juan Ernesto Dávila Rivera
                       Secretario del Tribunal Supremo