EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------|
| Yvelisse Fingerhut Mandry | 2016 TSPR 193 |
| | 196 DPR ____ |

Número del Caso: CP-2014-10
                  (TS-5649)


Fecha: 30 de agosto de 2016


Abogado de la Querellada:

        Lcdo. César Hernández Colón


Oficina de la Procuradora General:

        Lcda. Karla Pacheco Álvarez
        Subprocuradora General

        Lcda. Yaizamarie Lugo Fontanez
        Procuradora General Auxiliar


Comisionado Especial:

        Hon. Crisanta González Seda


Materia: Conducta Profesional – La suspensión será efectiva el 8 de septiembre de 2016, fecha en que se le notificó por correo a la abogada de su suspensión inmediata


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*<br><br>Yvelisse Fingerhut Mandry | **Núm.** CP-2014-10<br>**(**TS-5649) |

*PER CURIAM*

San Juan, Puerto Rico, a 30 de agosto de 2016

I

La Lcda. Yvelisse Fingerhut Mandry (querellada) fue admitida al ejercicio de la abogacía el 31 de octubre de 1977.[1]

El 24 de septiembre de 2007, el Sr. Enrique Mandry Mercado (quejoso) presentó una queja en contra de la abogada de epígrafe. En ésta, el quejoso cuestionó las actuaciones de la licenciada Fingerhut Mandry al disponer de bienes pertenecientes a una menor de edad, en calidad de apoderada, cuando la escritura en virtud de la cual ostentaba dicho poder había sido otorgada sin que la menor tuviera capacidad para consentir. Asimismo, el señor Mandry Mercado alegó que la querellada no solicitó ni obtuvo la autorización judicial correspondiente para disponer de los bienes de la referida menor. De otra parte, el quejoso indicó que la querellada presuntamente lo representó

---

[1] Nótese que, aun cuando la licenciada Fingerhut Mandry fue admitida al ejercicio de la abogacía el 25 de enero de 1978, posteriormente fue dada de baja, el 31 de enero de 2007, en virtud de una solicitud de renuncia voluntaria al ejercicio de la abogacía.

legalmente sin tener autorización para ello. Conviene, pues, repasar someramente los pormenores fácticos en función de los cuales se le imputan a la licenciada Fingerhut Mandry las faltas éticas que nos ocupan.

El 1 de diciembre de 2001, se otorgó ante el Lcdo. Roberto J. García Cabrera una escritura en virtud de la cual la licenciada Fingerhut Mandry se convirtió en una de las apoderadas de la Sra. María del Carmen Llombart Bas y su hija, quien en aquel momento tenía 14 años de edad. Este poder facultaba a los apoderados a: representar a las poderdantes en la disposición y adquisición de bienes muebles e inmuebles; recibir pago por deudas a su favor; dar y tomar dinero a préstamos; extraer dinero de sus cuentas; administrar sus bienes y arrendarlos; y representarlas ante todos los tribunales, entre otras funciones. Esta escritura, además, se utilizó para confeccionar dos escrituras posteriormente, en las cuales, en efecto, se dispuso de ciertos intereses propietarios de la menor.

Así las cosas, el 2 de abril de 2013, la queja que nos ocupa le fue referida a la Oficina de la Procuradora General. Ello, como consecuencia del informe preparado por la Oficina de Inspección de Notarías (ODIN) en la tramitación de las quejas disciplinarias presentadas por el quejoso contra los notarios que intervinieron en la

disposición de los bienes de la menor que nos atañe.[2] Valga

señalar que en dicha disposición la licenciada Fingerhut

Mandry compareció, en calidad de apoderada, y sancionó la

cesión de cierta participación de la menor de edad en un

inmueble a cambio de una deuda. Asimismo, es menester

destacar que la licenciada de epígrafe compareció, también,

en calidad personal, puesto que tenía una participación en

la transacción en cuestión. De otra parte, la licenciada

Fingerhut Mandry compareció, tanto en calidad de apoderada

de la menor como en calidad personal, a la posterior

otorgación de una escritura de segregación y compraventa.

En ninguno de estos casos obtuvo autorización judicial para

efectuar las transacciones en cuestión.[3]

---

[2] Es preciso destacar que el señor Mandry Mercado también presentó quejas contra los notarios Juan J. Ramírez Rivera y Roberto J. García Cabrera. Éstas, sin embargo, fueron debidamente atendidas por este Tribunal y culminaron con la censura enérgica del notario Ramírez Rivera y con la suspensión del licenciado García Cabrera por un año del ejercicio de la notaría. Véase *In re García Cabrera*, 188 D.P.R. 196 (2013).

[3] Conviene recordar que nuestro ordenamiento, por disposición estatutaria, requiere la autorización judicial en ciertos casos relacionados con la disposición de bienes muebles e inmuebles de un menor de edad. En particular,

> [e]l ejercicio de la patria potestad no autoriza a ninguno de los padres para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de dos mil dólares ($2,000), pertenecientes al hijo, y que estén bajo la administración de ambos o de cualquiera de ellos, sin previa autorización de la Sala del Tribunal de Primera Instancia en que los bienes radiquen, previa comprobación de la necesidad o utilidad de la enajenación o del gravamen, y de acuerdo con lo dispuesto en la ley referente a procedimientos legales especiales. Cód. Civ. P.R. Art. 229, 31 L.P.R.A. sec. 616. Véase, además, Cód. Civ. P.R.

Por tanto, el 30 de septiembre de 2013, la Oficina de la Procuradora General emitió el informe correspondiente. En éste, concluyó que las actuaciones de la querellada, al intervenir en calidad de apoderada de una menor en la disposición de bienes de ésta sin obtener autorización judicial, bien podían constituir violaciones a los cánones 35 y 38 del Código de Ética Profesional. De otra parte, en cuanto a las alegaciones del quejoso respecto a que la querellada lo representó legalmente sin autorización para ello, la Oficina de la Procuradora General, en su informe, determinó que éstas no se sostenían.

Luego de varios trámites procesales, el 26 de junio de 2014, la Oficina de la Procuradora General, previa resolución de este Tribunal, presentó una querella contra la licenciada Fingerhut Mandry, imputándole haber vulnerado las normas éticas consagradas en los cánones 35 y 38 del Código de Ética Profesional. Luego de una prórroga otorgada por este Tribunal, la querellada contestó la querella, el 15 de agosto de 2014.

El 9 de enero de 2015, este Tribunal designó a la Hon. Crisanta González Seda como Comisionada Especial, con

---

Art. 1710, 31 L.P.R.A. sec. 4822; Cód. Enj. Civ. Art. 614(5), 32 L.P.R.A. sec. 2721.

En el caso que nos ocupa, no cabe duda de que era necesaria que las instancias judiciales competentes autorizaran las transacciones en cuestión. Ello, dada la valoración de éstas. Por una parte, la deuda en función de la cual se cedió la participación de la menor sobre cierto inmueble estaba valorada en $97,775.00. Asimismo, el inmueble objeto de la escritura de segregación y compraventa estaba valorado en $18,000.00.

tal que recibiera prueba y emitiera el informe correspondiente. En consecuencia, luego de que se celebraran las vistas evidenciarias de rigor, la Comisionada Especial emitió su informe. En éste, luego de hacer un examen minucioso de la prueba, determinó que, en efecto, la querellada incumplió los preceptos éticos encarnados en los cánones 35 y 38. Sin embargo, luego de apreciar las circunstancias personales de la licenciada Fingerhut Mandry, recomendó que la sanción se limitara a una censura enérgica. Valga señalar que la licenciada Fingerhut Mandry compareció, posteriormente, allanándose a las determinaciones de hecho y las recomendaciones de la Comisionada Especial.

Procede, pues, exponer sucintamente las normas éticas pertinentes al caso ante nuestra consideración.

II

El canon 35 del Código de Ética Profesional consagra un deber indefectible de sinceridad y honradez, el cual ha de guiar la labor de los abogados frente a todos, y "no sólo en la tramitación de litigios, sino en todo tipo de actos". *In re Pons Fontana*, 182 D.P.R. 300, 306 (2011). Véase 4 L.P.R.A. Ap. IX, C. 35; *In re Collazo Sánchez*, 159 D.P.R. 769, 773 (2003). Este deber, además, está íntimamente relacionado con la preservación del honor y la dignidad de la profesión, debido a que el abogado, en tanto profesional del derecho y dada la prominencia pública de su ministerio, tiene un compromiso incondicional e ineludible

con la verdad. Véase *In re Irizarry Vega*, 176 D.P.R. 241, 245 (2009). Véase, además, *In re Busó Aboy*, 166 D.P.R. 49 (2005). Asimismo, este Tribunal ha afirmado que

> [e]l deber que, conforme al Canon 35 del Código de Ética Profesional, tiene un abogado de ser fiel a la realidad de los hechos al suscribir documentos y declaraciones juradas, trasciende el ejercicio de sus funciones como abogado o notario. Incluye aquellas facetas de su vida en las que se despoja de su toga de abogado para convertirse en un ciudadano común. Ese deber tiene que ser cumplido estrictamente aunque el así hacerlo conlleve sacrificios personales. No podemos, pues, refrendar tal conducta, independientemente de que ninguna persona ha resultado perjudicada. El mero hecho de que un abogado mienta bajo juramento es una conducta lesiva al buen nombre de la profesión y a las instituciones de justicia, independientemente de los motivos que se tengan para ello. *In re Belk, Serapión*, 148 D.P.R. 685, 691-92 (1999) (citas omitidas).

Es menester enfatizar, también, que los deberes y las normas éticas que supone este canon constituyen "normas mínimas de conducta que sólo pretenden preservar el honor y la dignidad de la profesión. Por ello, deben ser observadas por los abogados . . . *en toda faceta en la que se desempeñen*". *In re Martínez, Odell I*, 148 D.P.R. 49, 54 (1999) (énfasis suplido). Es decir, el canon 35 trasciende el ámbito propiamente profesional del abogado y exige que éste actúe de modo sincero y honrado en el desempeño de cualquier otra actividad.

Por su parte, el canon 38, en lo pertinente, dispone que el abogado "deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe hasta

evitar la apariencia de conducta profesional impropia". 4 L.P.R.A. Ap. IX C. 38. En función de los preceptos de este canon, "los miembros de nuestra profesión deben estar en un ejercicio constante de introspección en que analicen si su conducta va acorde con la responsabilidad ética y moral que permea el ejercicio de la abogacía". *In re Gordon Menéndez*, 183 D.P.R. 628, 642 (2011). Después de todo, los abogados son un reflejo de la imagen y confianza de la profesión. Por lo tanto, deben actuar de manera harto escrupulosa y guiados por un robusto sentido de responsabilidad; ello, dada la ingente función social que ejercen. *In re Nieves Nieves*, 181 D.P.R. 25, 45 (2011).

En lo que respecta la apariencia de conducta impropia, este Tribunal ha dicho que ésta "tiene un efecto dañino sobre la imagen, la confianza y el respeto de la ciudadanía a la profesión, así como lo tiene la verdadera 'impropiedad ética'. *In re Toro Iturrino*, 190 D.P.R. 582, 591-592 (2014) (citas omitidas). Por último, conviene recordar que este canon 38 permite sancionar conducta éticamente reprochable, aun cuando ésta bien pudiera subsumirse en otros cánones. Así, los deberes éticos contenidos en este canon, además de ser razón suficiente para sancionar a un abogado, atraviesan la totalidad de nuestro ordenamiento ético disciplinario.

## III

En consideración de lo anterior, es inevitable concluir que la licenciada Fingerhut Mandry, en efecto, vulneró los deberes éticos consagrados en los cánones 35 y 38 del Código

de Ética Profesional. En lo que respecta el deber de sinceridad y honradez impuesto por el canon 35, la licenciada de epígrafe contravino éste al comparecer a la otorgación de unas escrituras que, a todas luces, carecían de validez, puesto que en éstas se disponía de bienes de una menor de edad sin que se hubiera obtenido autorización judicial para ello. Nótese, además, que los bienes en cuestión excedían la cuantía dispuesta en nuestro ordenamiento después de la cual es imperativo obtener dicha autorización judicial. Con dicho proceder la licenciada Fingerhut Mandry contravino el deber de sinceridad y honradez que informa la gestión de los abogados en nuestra jurisdicción, tanto en el ámbito profesional como en el personal.

Asimismo, no cabe duda que, con sus actuaciones, la licenciada Fingerhut Mandry laceró la dignidad y el honor de la profesión legal, toda vez que sus actuaciones incidieron en la confianza depositada por la ciudadanía en ésta. Esto, al margen de que la licenciada en cuestión haya comparecido a la otorgación de la escritura de poder que nos atañe en calidad personal. Después de todo, las normas éticas que regulan el ejercicio de la profesión legal trascienden el plano meramente profesional y han de guiar, también, el desempeño de los letrados en su faceta personal. Añádase a lo anterior, que en las escrituras en las que la licenciada Fingerhut Mandry compareció en calidad de apoderada, ésta también compareció en calidad personal, puesto que tenía intereses personales en los bienes en cuestión. Ello, a su

vez, denota un conflicto de interés que, como mínimo, constituye apariencia de conducta impropia.

Por último, es preciso señalar que este Tribunal ha tomado en consideración una serie de factores al momento de imponer una sanción disciplinaria, a saber:

> (i) la buena reputación del abogado en la comunidad; (ii) su historial previo; (iii) si ésta constituye su primera falta y si alguna parte ha resultado perjudicada; (iv) *la aceptación de la falta y su sincero arrepentimiento*; (v) si se trata de una conducta aislada; (vi) *el ánimo de lucro que medió en su actuación*; (vii) resarcimiento al cliente, y (viii) cualesquiera otras consideraciones, ya bien *atenuantes o agravantes*, que medien de acuerdo con los hechos. *In re Quiñones Ayala*, 165 D.P.R. 138, 147 (2005) (citas omitidas).

En función de éstos, como se dijo, la Comisionada Especial recomendó que limitáramos nuestra sanción en el caso que nos ocupa a una censura enérgica. Ello, luego de sopesar una serie de factores, entre éstos: la reputación intachable de la licenciada de epígrafe en la comunidad; la ausencia de ánimo de lucro; una comparecencia especial de la menor manifestando no haber sufrido ningún perjuicio, y el hecho de que se trata de un hecho aislado, puesto que la licenciada Fingerhut Mandry no ha sido objeto de ningún otro procedimiento disciplinario.

Habida cuenta de lo anterior, sin embargo, estimamos que, en este caso, procede suspender a la licenciada Fingerhut Mandry del ejercicio de la abogacía por un término de tres (3) meses. Al margen de cualquier circunstancia atenuante, la gravedad de las actuaciones de la licenciada

Fingerhut Mandry, al comparecer a la otorgación de una escritura en la que se dispuso de bienes de una menor de edad sin autorización judicial para ello, amerita que la suspendamos de la profesión legal, si bien por un término relativamente corto. Téngase en cuenta, además, que la licenciada Fingerhut Mandry tenía intereses propietarios en los bienes en cuestión.

                                IV

En vista de lo anterior, se suspende a la licenciada Fingerhut Mandry del ejercicio de la abogacía por un término de tres (3) meses. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquier honorario recibido por trabajos no realizados e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos del País en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Yvelisse Fingerhut Mandry

**Núm.** CP-2014-10
(TS-5649)

SENTENCIA

San Juan, Puerto Rico, a 30 de agosto de 2016

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se suspende a la licenciada Fingerhut Mandry del ejercicio de la abogacía por un término de tres (3) meses. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquier honorario recibido por trabajos no realizados e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos del País en los que tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Estrella Martínez concurren sin opinión escrita. El Juez Asociado señor Kolthoff Caraballo no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo