EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

José A. Feliciano Rodríguez
(TS-3,317) | 2017 TSPR 109

198 DPR ____ |

Número del Caso: CP-2015-15


Fecha:   12 de junio de 2017


Abogada del querellado:

        Lcda. Migdalia Torres Díaz


Oficina del Procurador General:

        Lcda. Karla Pacheco Álvarez
        Subprocuradora General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar


Comisionada Especial:

        Hon. Crisanta González Seda


Materia:   La suspensión será efectiva el 19 de junio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Feliciano Rodríguez

(TS-3,317)

*Conducta
Profesional*

CP-2015-15

PER CURIAM

En San Juan, Puerto Rico, 12 de junio de 2017.

Una vez más nos vemos en la obligación de suspender inmediata e indefinidamente al Lcdo. José Feliciano Rodríguez del ejercicio de la abogacía y la notaría por incumplir con los postulados éticos que, como mínimo, debe cumplir todo miembro de la profesión. En esta ocasión intervenimos disciplinariamente con éste por infringir los Cánones 9, 12, 15, 18, 20, 29, 35 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. Veamos.

I

El Lcdo. José Feliciano Rodríguez (licenciado Feliciano Rodríguez o el querellado) fue admitido al ejercicio de la abogacía el 9 de enero de 1970 y a la

práctica de la notaría el 11 de febrero del mismo año. El 17 de agosto de 2012, la Sra. Allison Cuevas Peguero (querellante) presentó una queja contra el licenciado Feliciano Rodríguez. La queja surgió como consecuencia de un proceso judicial de relaciones de familia en que el querellado se desempeñaba como representante legal del Sr. Ostris Anthony Pared Espinal (señor Pared Espinal), quien había instado el referido pleito contra la querellante.[1] En síntesis, esta última cuestionó la forma en que el querellado se condujo a través del proceso judicial.

En vista de ello, es importante exponer varios incidentes procesales ocurridos en aquel momento.

Surge del expediente que, mientras se llevaba a cabo el proceso judicial de relaciones de familia, el querellado presentó una moción en la cual solicitó la descalificación de la Lcda. Wendy Lind Casado (licenciada Lind), representante legal de la querellante. En ella adujo que la licenciada Lind y la querellante conspiraron para secuestrar a la menor habida entre ambas partes y, con ello, extorsionar al señor Pared Espinal.[2] Además, alegó que éstas desarrollaron un plan para producirle el Síndrome de Estocolmo a la menor; que habían cometido graves faltas y delitos; que manipularon el caso con funcionarios de los tribunales; que estaban utilizando el proceso judicial para presionar al señor Pared Espinal; además de realizar otras imputaciones personales en contra de la querellante y su abogada. Ante estos

---

[1] Véase Osiris Anthony Pared Espinal v. Allison M. Cuevas Peguero, Civil Núm. FAL2012-0171.

[2] Moción Reiterando Solicitud Ordenar Inhibición de Abogada, Suplementado sobre Desacatos y Otros, Anejo I, pág. 13. Esta moción se acompañó con una declaración jurada emitida por el señor Pared Espinal en la que indicó haberla leído y estar de acuerdo con la misma por constarle de propio conocimiento las alegaciones, así como una expresión relevando al licenciado Feliciano Rodríguez de cualquier responsabilidad por los hechos allí expuestos. Véase Juramento, Anejo II, pág. 18.

señalamientos, la licenciada Lind solicitó la descalificación del licenciado Feliciano Rodríguez por haberla atacado al levantar falsas alegaciones en su contra.[3]

Luego de sometidas ambas solicitudes de descalificación, el querellado citó a la licenciada Lind para realizarle una deposición. Ésta se opuso y solicitó una orden protectora al tribunal en que la impidiera. Subsiguientemente, el licenciado Feliciano Rodríguez presentó otra moción al Tribunal de Primera Instancia en la cual peticionó la descalificación de la licenciada Lind. Se fundamentó en que el Canon 22 del Código de Ética Profesional prohibía que un abogado en un caso actuara como testigo de una de las partes.

Consecuentemente, el foro primario señaló una vista para discutir las solicitudes de descalificación. Tras ser suspendida la vista en varias ocasiones a petición del licenciado Feliciano Rodríguez, éste solicitó ser relevado de la representación legal del señor Pared Espinal por "diferencias irreconciliables e insalvables".[4] De hecho, llegado el día en que debía celebrarse la vista para atender las solicitudes de descalificación, el querellado se ausentó sin que el tribunal hubiera atendido la moción de renuncia a la representación legal. Ante este hecho, el Tribunal de Primera Instancia declaró no ha lugar a la solicitud de renuncia de representación legal, pautó la vista para otra fecha y ordenó la comparecencia del querellado al nuevo señalamiento. Este último volvió a ausentarse. Así las cosas, el foro primario declaró no ha lugar la moción de

---

[3] Véase Solicitud de Descalificación de Abogado de la Parte Demandante Lcdo. José Feliciano Rodríguez RUA #3317, Anejo I, pág. 31.

[4] Véase Informe de la Procuradora General, Anejo I, pág. 4. Según el Informe de la Procuradora General, en el pasado el querellado había solicitado la renuncia en otro proceso "tras alegar que 'por razones personales, su cliente no había podido cooperar de manera adecuada con el abogado". Íd.

descalificación que presentó el querellado y ha lugar la solicitud de descalificación que presentó la licencia Lind.[5]

A pesar de lo anterior, posteriormente el querellado acudió al Tribunal de Apelaciones en representación del señor Pared Espinal.[6] Ello, con el objetivo de que se revocaran varias determinaciones que realizó el foro primario en varias fechas. Empero, recurrió fuera del término correspondiente y sin incluir el apéndice del recurso, por lo que el foro apelativo lo desestimó.

Una vez sometida la queja ante nuestra consideración, el 21 de octubre de 2012 el querellado solicitó su desestimación.[7] Arguyó que la queja era ilegible, estaba en manuscrito y se trataba de una represalia de parte de la querellante y su abogada por haber solicitado la descalificación de esta última. Atribuyó la presentación de la queja en su contra, de igual manera, a que poco tiempo antes el señor Pared Espinal había presentado una queja en contra de la licenciada Lind ante este Tribunal. Asimismo, aunque no presentó prueba sobre ello, cuestionó la salud mental de la querellante.

El 25 de enero de 2013 denegamos la solicitud de desestimación y concedimos diez días al querellado para contestar la queja. En su contestación, el licenciado Feliciano Rodríguez, en síntesis, alegó que no realizó las expresiones que le imputó la querellante y negó las

---

[5] Entre sus conclusiones, el Tribunal de Primera Instancia señaló que la conducta del querellado estaba en contravención con varios postulados del Código de Ética Profesional. Véase Resolución en el Informe de la Procuradora General, págs. 38-51.

[6] Véase Osiris Anthony Pared v. Allison Cuevas Peguero, Caso Núm. KLAN20122076.

[7] Véase Solicitando desestimación de la querella por no cumplir con las reglas y descalificación de la querella por motivos de salud, Anejo VI, pág. 52.

alegaciones en su contra.[8] Además, reiteró los argumentos esbozados en su moción de desestimación y adujo haber actuado diligentemente.

Así, pues, procedimos a remitir el asunto a la Oficina de la Procuradora General para que sometiera un informe sobre los hallazgos de su investigación. En su informe la Procuradora General describió las alegaciones del querellado como "reprochables, impropias e imprudentes".[9] Sostuvo que incumplir con las órdenes del tribunal al no comparecer a las vistas y abandonar el caso sin estar autorizado a renunciar a la representación legal era contrario a las normas éticas que debe cumplir un abogado. Como consecuencia, concluyó que el querellado infringió los Cánones 9, 12, 15, 18, 20, 29, 35 y 38 del Código de Ética Profesional, *supra.*

El 7 de mayo de 2014 el querellado presentó su contestación al informe. Arguyó que no existía prueba clara, robusta y convincente de que incurrió en violaciones éticas y que

> [e]n los casos de relaciones de familia suele generarse un inmenso antagonismo entre las partes. Y que según queda demostrado, **el Sr. Pared y la Sra. Cuevas han recurrido a una forma indecorosa de hacer alegaciones. [sic] Utilizando lenguaje inapropiado y ofensivo.**
>
> Es menester señalar, que las expresiones difundidas en los escritos que señala la Procuradora, **fueron manifiestos de coraje y animosidad producida por estas circunstancias en las mociones presentadas por el Sr. Pared,** luego de que estas fueran firmadas por el suscribiente. Es decir, el suscribiente [n]o fue quien hizo esas expresiones. Ni en contra de la Sra. Cuevas, ni la Lcda. Lind.[10]

---

[8] Véase Contestación a la Querella, Anejo VIII, pág. 58.
[9] Véase Informe de la Procuradora General, Anejo I, pág. 9.
[10] Escrito complementario al escrito en oposición a la queja presentad[a] de 7 de mayo de 2014, págs. 2-4. (Énfasis suplido y original).

Luego de los trámites de rigor, que incluyeron la presentación de la querella correspondiente por la Oficina de la Procuradora General,[11] así como la contestación del licenciado Feliciano Rodríguez, nombramos a la Hon. Crisanta González Seda, Ex Jueza del Tribunal de Primera Instancia, para que en calidad de Comisionada Especial recibiera la prueba y nos rindiera un informe con las determinaciones de hechos y las recomendaciones que estimara pertinentes. Celebradas varias vistas por la Comisionada Especial, el 24 de noviembre de 2016 rindió su informe. En éste coincidió con las determinaciones y conclusiones de la Procuradora General. Particularmente, expuso que era el cliente quien redactaba los escritos; y que el querellado no siempre les hacía correcciones, ni verificaba si las correcciones se incorporaban antes de firmarlos. Determinó que las alegaciones hechas en contra de la licenciada Lind al solicitar su descalificación no estuvieron apoyadas por prueba alguna. Sostuvo, también, que el querellado no mostró arrepentimiento por su conducta.

Así las cosas, el caso quedó sometido en sus méritos para la adjudicación por esta Curia. Examinado el marco fáctico que antecede, procedemos a exponer el derecho aplicable.

## II

Sabido es que el Código de Ética Profesional, *supra*, establece las normas de conducta éticas que como mínimo debe cumplir todo miembro de la clase togada. Por ello, la meta de cada abogado deber ser conducirse a un nivel superior al

---

[11] La Oficina de la Procuradora General presentó ocho cargos en contra del licenciado Feliciano Rodríguez en los que señaló violaciones a los preceptos éticos que había imputado inicialmente en su informe, a saber, el Canon 9, 12, 15, 18, 20, 29, 35 y 38 del Código de Ética Profesional, *supra*. Véase Querella, págs. 2-4.

estándar mínimo que establecen los referidos cánones.[12] Sus actuaciones deben ser cónsonas con la realidad de que "son funcionarios del Tribunal y ministros ordenados de la justicia y, como tales, […] deben estar encaminadas a mantener un orden jurídico íntegro y eficaz, orientado esencialmente por los principios de vida democrática y de respeto a la inviolable dignidad del ser humano".[13] Es indispensable que los abogados estén conscientes de que "[e]l ejercicio diligente, responsable y competente de la profesión de la abogacía figura como un supuesto fundamental en el quehacer de los profesionales del Derecho".[14]

## A. **Deberes del abogado hacia los tribunales**

El Canon 9 del Código de Ética Profesional, *supra,* establece que

> [e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales. En casos donde ocurrieren tales ataques o atentados, el abogado debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales.

El deber impuesto por este canon, el cual está directamente relacionado con la obligación de todo abogado de propiciar la buena administración de la justicia, exige el cumplimiento diligente de las obligaciones asumidas y las órdenes de los foros judiciales.[15] Precisamente, hemos reconocido que "el menosprecio que demuestra un abogado que desatiende las órdenes o requerimientos oficiales trastoca y afecta nuestra función reguladora de la profesión legal en

---

[12] In re Lucas Irisarri Castro, 172 DPR 193, 209-210 (2007).
[13] Íd., pág. 210.
[14] In re Montalvo Delgado, 2016 TSPR 223, pág. 8, 196 DPR ___ (2016).
[15] In re Rodríguez García, 2017 TSPR 33, pág. 9, 197 DPR ___ (2017).

Puerto Rico", por lo que quebranta el canon precitado.[16] En *In re Rodríguez García*, *supra*, hicimos ciertas expresiones sobre la norma ética contenida en el Canon 9 las cuales resulta oportuno exponer *in extenso* a continuación:

> En las innumerables ocasiones que hemos interpretado esta parte del Canon 9 del Código de Ética Profesional, supra, **hemos reconocido que la falta de respeto que allí se sanciona es la que menosprecia la autoridad de los tribunales**, ya sea porque un abogado se dirigió de forma soez, indecorosa o vulgar, desacató las [ó]rdenes emitidas por los foros judiciales o sus dependencias, no notificó cambios en su dirección postal o física, realizó imputaciones o ataques infundados a un juez, cuestionó maliciosamente la dignidad, honestidad y ecuanimidad de los miembros de la judicatura, propició un trato discriminatorio e incurrió en incomparecencias injustificadas, entre otras. Véase In re Crespo Enríquez, supra; In re Irizarry Irizarry, 190 DPR 368 (2014); In re Betancourt Medina, 183 DPR 821 (2011); In re Nieves Nieves, 181 DPR 25 (2011); In re Valcárcel Mulero I, 142 DPR 41 (1997). En un sentido más específico, **el deber de respeto que surge del Canon 9 del Código de Ética Profesional, supra[,] se manifiesta en dos vertientes específicas: el mandato de respetar las órdenes y directrices emitidas por los tribunales (respeto a la autoridad judicial) y la obligación de respetar a los jueces, empleados y funcionarios del tribunal en sus comparecencias e interacciones con estos (respeto de carácter cívico).** S. Steidel Figueroa, Ética y responsabilidad disciplinaria del abogado, San Juan, Pubs JTS, 2010, pág. 312.[17]

Incumplir con la obligación impuesta por el Canon 9 del Código de Ética Profesional, *supra*, amerita sanciones disciplinarias que podrían incluir la suspensión indefinida del ejercicio de la profesión de la abogacía.[18]

Cónsono con lo anterior, el Canon 12 del Código de Ética Profesional, *supra*, impone a los miembros de la profesión el deber de "ser puntual[es] en su asistencia y conciso[s] y exacto[s] en el trámite y presentación de las causas". Esto conlleva "el desplegar todas las diligencias necesarias para

---

[16] In re Colón Collazo, 2016 TSPR 184, pág. 5, 196 DPR ___ (2016).
[17] (Énfasis suplido).
[18] In re Montalvo Delgado, *supra,* pág. 10.

asegurar que no se causen indebidas dilaciones en su tramitación y solución".[19] El incumplimiento continuo con lo antes mencionado demuestra el desconocimiento de los principios éticos más básicos que exigen el mayor respeto hacia los juzgadores.[20]

Cabe destacar que reiteradamente hemos reconocido que "[l]a obligación establecida por el Canon 12 ha de cumplirla el abogado en todas las etapas de un litigio, y comprende el acatar fielmente las órdenes del Tribunal".[21] Por ello, "la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que coloquen en riesgo la causa de acción de los clientes, son infracciones patentes" al Canon 12 del Código de Ética Profesional, *supra*.[22]

Por otro lado, el Canon 15 del Código de Ética Profesional, *supra*, establece la conducta que debe observar la clase togada respecto a los testigos y los litigantes. En lo pertinente, el canon precitado dispone lo siguiente:

> Un abogado debe tratar a los testigos y litigantes adversarios con respeto y consideración. No debe actuar inspirado por la animosidad ni por los prejuicios de su cliente ni debe permitir que éste dirija el caso ni que se convierta en el dueño de la conciencia del abogado.
>
> Será impropio utilizar los procedimientos legales en forma irrazonable o con el fin de hostigar la parte contraria.[23]

En In re Lucas Irisarri Castro, *supra,* pág. 210, manifestamos que si bien es cierto que el abogado tiene la obligación de defender la causa del cliente que le fue

---

[19] Canon 12 del Código de Ética Profesional, *supra*.
[20] In re Montalvo Delgado, *supra*.
[21] In re Pagán Torres, 194 DPR 925, 929 (2016).
[22] In re Nazario Díaz, 195 DPR 623, 635 (2016), haciendo referencia a In re Valentín Custodio, 187 DPR 529, 543 (2012).
[23] Canon 15 del Código de Ética Profesional, *supra*.

encomendada con gran vigor, energía y vehemencia, ello no implica que éste pueda ser poco respetuoso o prudente. Es decir, los abogados como "actores principales en la litigación, deben ejercer, al máximo de sus facultades, el deber de cortesía, respeto y consideración que les impone el mencionado Canon".[24] Para que pueda darse un ambiente de respeto y consideración como exige el Canon 15, *supra*, "[e]l abogado debe evitar, en todo momento, que sus expresiones puedan ser interpretadas, por los demás participantes del proceso judicial, como que está poniendo en tela de juicio su honradez, moral y honestidad".[25] "Éstos tienen que evitar el uso del lenguaje en forma grosera o para reflejar imputaciones falsas y desprovistas de una razonable presunción de corrección".[26]

## B. Deberes del abogado hacia los clientes

El Código de Ética Profesional, *supra*, establece que la relación entre el abogado y su cliente

> debe fundamentarse en la absoluta confianza. Sujeto a las exigencias que surgen de las obligaciones del abogado para con la sociedad, las leyes y los tribunales, **todo miembro del foro legal le debe a sus clientes un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez.** El abogado debe poner todo su empeño en llevar a cabo en esa forma su gestión profesional, y no debe dejar de cumplir con su deber por temor a perder el favor judicial o por miedo a perder la estimación popular.[27]

A la luz de estos principios, el Canon 18 impone al abogado la obligación de rendir una labor idónea de competencia y diligencia; labor incompatible con la desidia, la despreocupación y la displicencia de los asuntos que se le

---

[24] In re Lucas Irisarri Castro, *supra,* pág. 210.
[25] Íd.
[26] In re Vélez Lugo, 175 DPR 854, 857 (2009), citando In re Vélez Cardona, 148 D.P.R. 505, 507 (1999).
[27] Véase, Parte III del Código de Ética Profesional, *supra* (Criterio general). (Énfasis suplido).

han encomendado.[28] Al así hacerlo, el Canon 18, *supra*, establece lo siguiente:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una **labor idónea competente** y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente **diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.**
>
> **Este deber de desempeñarse en forma capaz y diligente no significa que el abogado puede realizar cualquier acto que sea conveniente con el propósito de salir triunfante en las causas del cliente.** La misión del abogado no le permite que en defensa de un cliente viole las leyes del país o cometa algún engaño. Por consiguiente, al sostener las causas del cliente, debe actuar dentro de los límites de la ley, teniendo en cuenta no sólo la letra de ésta, sino el espíritu y los propósitos que la informan. No debe tampoco ceder en el cumplimiento de su deber por temor a perder el favor judicial ni la estimación popular. No obstante, **un abogado puede asumir cualquier representación profesional si se prepara adecuadamente para ello y no impone gastos ni demoras irrazonables a su cliente y a la administración de la justicia.**

El deber de diligencia que impone este canon "implica que el [abogado] realice las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia".[29] A tenor con esto, es impropio que "el abogado presente la acción correspondiente para luego desligarse del trámite del pleito".[30] Ello pondría en peligro los derechos de su cliente y entorpecería la administración de la justicia.[31]

---

[28] *In re Maldonado Maldonado*, 2017 TSPR 55, pág. 10, 197 DPR ___ (2017); *In re Nazario Díaz*, *supra*, pág. 636; *In re Plaud González*, 181 DPR 874, 886 (2011).
[29] *In re Morell Bergantiños*, 195 DPR 759, 763 (2016).
[30] *In re Nazario Díaz*, *supra*, pág. 637.
[31] Íd.

Asimismo, como parte de los deberes del abogado hacia su cliente, el Canon 20 del Código de Ética Profesional, *supra*, es diáfano al consagrar que "cuando el abogado haya comparecido ante un tribunal en representación de un cliente **no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello**".[32] Es decir, este precepto ético establece que "[l]a renuncia del abogado está sujeta a que ésta sea autorizada por el foro pertinente y que tome las medidas razonables para evitar ocasionarle un perjuicio a los derechos sustantivos de su representado".[33] No hay duda que un abogado "no queda relevado de su responsabilidad con un cliente hasta que el tribunal así lo disponga".[34]

C. **Deberes del abogado hacia los compañeros y la profesión**

El Código de Ética Profesional contiene disposiciones específicas en cuanto a la relación de un abogado con sus compañeros y la profesión. Conforme establece el Canon 29 del Código de Ética Profesional, *supra*,

> **[l]os clientes, no los abogados, son los litigantes. Cualquier rencor que exista entre los clientes no debe afectar la conducta de los abogados entre sí ni las relaciones hacia el litigante contrario. Debe evitarse escrupulosamente toda cuestión personal entre los abogados. En el trascurso de un juicio es impropio aludir a la historia personal o peculiaridades individuales o idiosincrasias del abogado adversario.** Los coloquios entre abogados que causan dilaciones y provocan disputas deben también evitarse.
>
> **Será altamente impropio de un abogado hacer imputaciones falsas que afecten la reputación y el buen nombre de un compañero.** Cuando existan fundados motivos de quejas graves contra colegas,

---

[32] Canon 20 del Código de Ética Profesional, *supra*. (Énfasis suplido).
[33] *Íd.; In re Montalvo Delgado*, *supra*, pág. 14.
[34] *In re Polanco Ortiz*, 2016 TSPR 173, pág. 8, 196 DPR ___ (2016), citando a *In re Ortiz Guevara*, 2016 TSPR 55.

es el deber del abogado someter sus cargos a las autoridades competentes, debiendo utilizar para ello los medios propios que dispone la ley.

Nótese que existe una "estatura moral e intelectual inherente al ejercicio de la abogacía [que] impone un debate jurídico libre de personalismos y posiciones subjetivas que lo degraden a vulgar diatriba".[35] En vista de ello, en In re Lucas Irisarri Castro, *supra*, expresamos que

> [s]i en el ardor de las defensas, en determinadas circunstancias, acaloran los ánimos y provocan distanciamientos, ello no debe perdurar; sobrevenida la calma reflexiva, debe reanudarse sin demora ese estilo, para mantener la dignidad y jerarquía de la profesión. Asimismo, hemos manifestado que la defensa del cliente no puede ser excusa para el irrespeto y menos para lastimar la dignidad personal del abogado de la parte contraria. La práctica de la abogacía exige hacia los tribunales constante respeto. Para reclamar derechos y solventar controversias no es menester lastimar la dignidad personal ni institucional de los miembros de la judicatura, como de ninguna otra persona.[36]

Por su parte, el Canon 35 del Código de Ética Profesional, *supra*, resalta los principios de sinceridad y honradez que deben permear la profesión de la abogacía. Al así hacerlo dispone que "[l]a conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada".[37] Seguidamente —como es lógico pensar— establece que "[n]o es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho".[38] Este precepto ético se fundamenta en que, como hemos expresado antes, "la verdad es

---

[35] In re Lucas Irisarri Castro, *supra*, pág. 211.
[36] Íd.
[37] Canon 35 del Código de Ética Profesional, *supra*.
[38] Íd.

una cualidad ínsita e inseparable del ejercicio de la abogacía".[39]

Al aplicar este canon, hemos afirmado que "[n]o es defensa, por consiguiente, no haber procedido deliberadamente, de mala fe, con la intención de engañar o defraudar, como tampoco que no se le haya causado perjuicio a un tercero".[40] "Todo el entramado de nuestro sistema judicial se erige sobre la premisa de que los abogados, sobre quienes recae principalmente la misión de administrar la justicia, han de conducirse siempre con integridad ante los foros judiciales".[41]

Finalmente, el Canon 38 del Código de Ética Profesional, *supra*, establece la obligación de la clase togada de "esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión". La norma contenida en el referido canon impone a los abogados "evitar hasta la apariencia de conducta profesional impropia".[42] La mera apariencia de conducta impropia "tiene un efecto dañino sobre la imagen, la confianza y el respeto de la ciudadanía a la profesión, así como lo tiene la verdadera 'impropiedad ética'".[43] De este modo, junto al compromiso ético y moral que rige la profesión legal, el Canon 38, *supra*, exige que la clase togada examine continuamente su proceder.[44] Los miembros de la clase togada deben velar que su conducta sea

---

[39] In re Ramírez Salcedo, 2016 TSPR 174, pág. 22, 196 DPR ___ (2016).
[40] Íd., pág. 24; In re Rodríguez García, *supra*, pág. 5.
[41] In re Irizarry Vega, 176 DPR 241, 245-246 (2009); In re Montañez Miranda, 157 DPR 275, 284 (2002); In re Currás Ortiz, 141 DPR 399, 402 (1996).
[42] Canon 38 del Código de Ética Profesional, *supra*.
[43] In re Fingerhut Mandry, 2016 TSPR 193, pág. 7, 196 DPR ___ (2016), citando a In re Toro Iturrino, 190 D.P.R. 582, 591-592 (2014).
[44] In re Prado Galarza, 195 DPR 894, 906 (2016), citando a In re Cuyar Fernández, 163 D.P.R. 113, 117 (2004).

acorde con el puntual sentido de responsabilidad que impone la función social que ejercen.[45]

En vista de lo anterior, "los deberes éticos contenidos en este Canon, además de ser razón suficiente para sancionar a un abogado, atraviesan la totalidad de nuestro ordenamiento ético disciplinario".[46] Así, pues, el Canon 38 del Código de Ética Profesional, *supra*, permite "sancionar conducta éticamente reprochable, aun cuando ésta bien pudiera subsumirse en otros cánones".[47]

Establecido el marco doctrinal aplicable, pasamos a determinar si el querellado incurrió en las violaciones imputadas.

### III

En este caso, la Comisionada Especial concluyó que el licenciado Feliciano Rodríguez aceptó la representación legal del señor Pared Espinal cuando tenía conocimiento de que no podía cumplir cabal y diligentemente con la responsabilidad profesional asumida. Señaló que ello fue lo que llevó al querellado a permitir que el cliente preparara los escritos y suscribirlos sin revisarlos y corregirlos.

El querellado permitió que su cliente dirigiera el caso y le cedió la facultad de decidir el contenido de los escritos que se presentaban al foro judicial. Ello, sin que el abogado realizara un ejercicio idóneo y responsable de competencia y diligencia como exige el adecuado desempeño de la profesión. Como es sabido esto le está prohibido a toda la clase togada.

---

[45] In re Prado Galarza, *supra*, pág. 906.
[46] In re Fingerhut Mandry, *supra*, pág. 7.
[47] Íd.

Un abogado no puede desatender sus deberes bajo el pretexto de que su cliente asumió toda la responsabilidad del contenido de los escritos que se presentan en el tribunal. La firma de un abogado no es un mero complemento que embellece el documento. Cuando un abogado lo suscribe garantiza que ha realizado una evaluación cuidadosa de su contenido y de cada expresión que se plasmó en él. Ello conlleva un ejercicio deliberativo indelegable de los abogados.

Por su incumplimiento y descuido el licenciado Feliciano Rodríguez incluyó expresiones impropias e inadecuadas en contra de la otra parte y de su abogada. Esto tuvo la consecuencia, a su vez, de que faltara a su deber ineludible de preservar el honor y la dignidad de la profesión y la buena relación entre compañeros mediante una actitud respetuosa, sincera, honrada y de completa cordialidad.

No podemos pasar por desapercibido que el propio querellado admitió haberse apasionado con el caso e identificarse con su cliente. Además, reconoció en sus comparecencias ante esta Curia que las mociones que se presentaron en el Tribunal de Primera Instancia –que habían sido suscritas por él– contenían alegaciones con "lenguaje inapropiado y ofensivo" en contra de la querellante y su representante legal.[48] Aunque consistía de imputaciones serias que podían afectar la reputación y buen nombre de una compañera de la profesión, el escrito que el querellado presentó ante el tribunal estuvo ausente de prueba que lo sustentara.

Como profesional del derecho, el licenciado Feliciano Rodríguez tenía la obligación de mantenerse dentro de los

---

[48] Véanse: Contestación a querella, pág. 7; Escrito complementario al escrito en oposición a la queja presentad[a], págs. 2-4.

parámetros éticos de respeto y mesura que establece el Código de Ética Profesional, *supra*. Los rencores existentes entre su cliente y la querellante no podían afectar la relación que debía existir entre compañeros abogados. Su obligación era velar que los asuntos en los que estuviera interviniendo se llevaran a cabo con el respeto, decoro y solemnidad que exige la buena administración de la justicia. Así, quedaba impedido de permitir que su cliente dirigiera el caso y se convirtiera en dueño de su consciencia.

Tal proceder no está a la altura en que debe conducirse y desempeñar sus funciones la clase togada. Mediante la conducta antes mencionada el licenciado Feliciano Rodríguez violó los Cánones 15, 18 y 29 del Código de Ética Profesional, *supra*.

Con respecto al Canon 9 y 12 del Código de Ética Profesional, *supra*, el querellado también actuó en contravención a estos postulados. En el proceso civil de relaciones de familia, el tribunal señaló una vista para el 16 de agosto de 2012 con el fin de atender el asunto de la descalificación de los abogados. Esta fue trasferida a petición del licenciado Feliciano Rodríguez para el 17 de septiembre de 2012. Ese día el letrado solicitó un término para consultar un posible acuerdo de transacción, por lo que se pautó un señalamiento para el 1 de octubre de 2012. **Cabe mencionar que este nuevo señalamiento tuvo la anuencia de todas las partes.** Posteriormente, el licenciado Feliciano Rodríguez solicitó su suspensión alegando conflicto de calendario. Días después el licenciado Feliciano Rodríguez solicitó autorización para renunciar a la representación legal de su cliente. Ahora bien, sin que tal autorización se

concediera, **se ausentó a la vista** que había señalado el Tribunal de Primera Instancia. En ese momento el tribunal estableció un nuevo señalamiento para la vista, denegó la solicitud de renuncia a la representación legal que presentó el querellado y ordenó su comparecencia al nuevo señalamiento. A pesar de lo anterior, el licenciado Feliciano Rodríguez **volvió a ausentarse**.

Debemos resaltar que la Comisionada Especial concluyó que, aunque la defensa del querellado era que presentaba mociones para transferir las vistas, éste nunca proveyó evidencia de los alegados conflictos en su calendario. Igualmente, puntualizó que el licenciado Feliciano Rodríguez se ausentaba a las vistas sin que el tribunal hubiera autorizado su incomparecencia o hubiera determinado transferirlas. Violó, pues, los Cánones 9 y 12 del Código de Ética Profesional, *supra*.

De igual manera, infringió los Cánones 18 y 20 del Código de Ética Profesional, *supra*, cuando abandonó a su cliente en las referidas vistas sin haber obtenido autorización del tribunal. Por su experiencia, y como se desprende del lenguaje claro del referido precepto, el querellado debía conocer que la mera presentación de una solicitud de relevo de representación legal no lo exoneraba de su obligación de comparecer en representación de su cliente; debía esperar hasta tanto el tribunal autorizara su renuncia.

Por otro lado, la presentación de una solicitud de descalificación sin presentar prueba alguna que la sostuviera, la citación a una toma de deposición a la abogada de la parte contraria con el objetivo de obtener su

descalificación del caso a la luz del Canon 22 de Ética Profesional y con el fin de que se convirtiera en académica la vista en que se iba a atender su solicitud de descalificación, constituye una violación al Canon 35 del Código de Ética Profesional, *supra.* Con su proceder, el querellado no actuó de manera sincera y honrada en toda exposición ante el tribunal, las partes y sus clientes.

Al mismo tiempo, la conducta del querellado se apartó de aquella que exalta el honor y la dignidad de la profesión. **Según quedó probado, *inter alia*, éste procedió con desidia en el desempeño de su deber, realizó imputaciones serias en contra de una compañera de la profesión que no probó, dejó desprovisto a su cliente de un abogado en varias ocasiones a pesar de no haber sido autorizado para ello y, a su vez, faltó con su deber de respeto y consideración al tribunal.** De hecho, parece cuestionable que el licenciado Feliciano Rodríguez solicitara la renuncia a la representación legal de su cliente y, luego de haber sido descalificado por el tribunal por abandonar el caso y ausentarse a las vistas, acudiera sin notificar sobre ese particular al Tribunal de Apelaciones. De esta manera el licenciado Feliciano Rodríguez también infringió el Canon 38 del Código de Ética Profesional, *supra.*

A la luz de los hechos y el derecho aplicable, es forzoso concluir que las actuaciones del licenciado Feliciano Rodríguez fueron contrarias a los Cánones 9, 12, 15, 18, 20, 29, 35 y 38 del Código de Ética Profesional, *supra.*

## IV

Luego de reconocer el incumplimiento del querellado, queda por determinar la sanción a imponer. Sobre ese

particular es importante ponderar los factores siguientes: 1) la reputación del abogado en la comunidad; 2) su historial; 3) si es su primera falta; 4) si ninguna parte resultó perjudicada con su proceder; 5) la aceptación de la falta y su arrepentimiento; 6) si es un comportamiento aislado; y 7) cualquier otra consideración, ya sea atenuante o agravante, que surja de los hechos particulares del caso.[49]

Esta no es la primera vez que nos vemos en la obligación de intervenir por conducta antiética de este abogado. En In re José A. Feliciano Rodríguez, 147 DPR 275 (1998), lo suspendimos del ejercicio de la notaría por un término de tres meses y, posteriormente, en In re José A. Feliciano Rodríguez, 150 DPR 859 (2000), ordenamos su suspensión indefinida de la práctica de la abogacía por infringir los Cánones 18, 23 y 38 del Código de Ética Profesional, *supra*, habiéndolo reinstalado posteriormente.

**V**

Por los fundamentos expuestos, *ordenamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría del Lcdo. José A. Feliciano Rodríguez. Se le notifica que su fianza notarial queda automáticamente cancelada.*

*El señor Feliciano Rodríguez deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y*

---

[49] In re Irizarry Rodríguez, 193 DPR 633, 668 (2015).

*certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta (30) días contados a partir de la notificación de esta Opinión Per Curiam y Sentencia. Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra protocolar y el sello notarial del señor Feliciano Rodríguez y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.*

*Notifíquese personalmente esta Opinión Per Curiam y Sentencia al Sr. José A. Feliciano Rodríguez a través de la oficina del Alguacil de este Tribunal.*

*Se dictará Sentencia de conformidad.*

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:                                          *Conducta*
                                                *Profesional*
José A. Feliciano Rodríguez      CP-2015-15

(TS-3,317)

SENTENCIA

En San Juan, Puerto Rico, a 12 de junio de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, los cuales se hacen formar parte de la presente Sentencia, ordenamos la suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría del Lcdo. José A. Feliciano Rodríguez. Como consecuencia, su fianza notarial queda automáticamente cancelada.

El señor Feliciano Rodríguez deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra protocolar y el sello notarial del señor Feliciano Rodríguez y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. José A. Feliciano Rodríguez a través de la oficina del Alguacil de este Tribunal.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo